In the Matter of the Application of RUBEL CORPORATION, Respondent, for an Order of Certiorari against HARRIS H. MURDOCK, Chairman, and Others, Constituting the Board of Standards and Appeals of the City of New York, Appellants, and CATHERINE J. McDERMOTT, as Executrix, etc., of PATRICK T. McDERMOTT, Deceased, Intervenor.*

Second Department, October 28, 1938.

*Revg. 166 Misc. 732.

*James Hall Prothero* [*William C. Chanler*, Corporation Counsel, *Paxton Blair* and *Sidney M. Freeman* with him on the brief], for the appellants.

*Jacob A. Freedman* [*Michael Levine* with him on the brief], for the respondent.

PER CURIAM. The board of standards and appeals denied the petitioner's application, under the Building Zone Resolution, for an order permitting it to erect and maintain, on the ground of unnecessary hardship, a gasoline station in a business district. The official referee to whom the matter was referred reported for the annulment of the board's determination. The Special Term confirmed the report, declared the determination null and void and directed the issuance of a permit. From that order the board appeals.

(1) The hearing before the board disclosed a conflict of fact on the issue of unnecessary hardship, the resolving of which against the petitioner may not be said to have been improvident. To hold otherwise would be to substitute a court's discretion for that of the board, to whom the statute has given the power to act. The petitioner had an adequate opportunity to adduce all its evidence on the hearing before the board, and the appointment of a referee in effect to try the issue of " unnecessary hardship " *de novo* was not warranted in view of the opportunities available to the petitioner before the board. (*People ex rel. St. Albans-S. Corp.* v. *Connell*, 257 N. Y. 73, 81.) The situation was not one where a reference was needful to clarify the condition and to determine whether or not the board had acted arbitrarily and abused its discretion. The effect of the reference was to enable the referee to exercise his discretion in the place of the board upon evidence adduced before the referee, which evidence was not in that form offered to the board. Moreover, even on the showing before the referee there was presented a fair question of fact that would have warranted the board, if it had had that showing before it, in resolving that question of fact against the petitioner.

(2) The board did not pass upon the effect of an increase of traffic hazard arising as a consequence of a granting of petitioner's application for a non-conforming use in the form of a gasoline station. The board's action, therefore, cannot be sustained on a ground it never advanced to sustain its determination. It merely considered traffic hazard from another angle, to wit, the petitioner's assertion that a conforming use would increase the traffic hazard; the board ruling that a conforming use would not have such effect.

(3) The showing amply sustains the board's view that this property can be utilized for a conforming use. There is a steady wave of improvement of property on a conforming use basis from the north of the parcel involved down to and beyond the streets upon which the petitioner's parcel is located.

The order should be reversed on the law and the facts, with costs, the motion to confirm denied, the certiorari proceeding dismissed, and the determination of the board of standards and appeals reinstated and confirmed.

LAZANSKY, P. J., CARSWELL, ADEL, TAYLOR and CLOSE, JJ., concur.

Order reversed on the law and the facts, with costs, certiorari proceeding dismissed, motion to confirm report denied, and the determination of the board of standards and appeals reinstated and confirmed.