THE PEOPLE OF THE STATE OF NEW YORK ex rel. HUDSON-
HARLEM VALLEY TITLE AND MORTGAGE COMPANY,
Appellant, against RALPH T. WALKER et al., Constituting
the Zoning Board of Appeals of the Town of New Castle,
Respondents.

Argued February 26, 1940; reargued March 5, 1940; decided April 16, 1940.

*John J. Ryan, Arthur D. Brennan, Winthrop G. Brown* and *James D. Hopkins* for appellant. The findings of fact made by the referee constitute the facts before the Court of Appeals, the Appellate Division having reversed on the law. (*Heppenstall* v. *Baudouine,* 73 Misc. Rep. 118; *People* v. *Dwyer,* 160 App. Div. 542; *Petri* v. *Creelman Lumber Co.,* 199 U. S. 847; *Matter of Tiffany,* 179 N. Y. 455; *Mark* v. *State,* 97 N. Y. 572; *Ruge* v. *Gallagher,* 22 Misc. Rep. 572; *Carroll* v. *McArdle,* 216 N. Y. 232; *Matter of Westchester Lighting Co.* v. *Sewer Commissioners,* 219 App. Div. 377; *Matter of Fammler* v. *Board of Zoning Appeals,* 254 App. Div. 777; *Matter of Runk,* 200 N. Y. 447.) The reference to and the hearings before the referee were proper. (*People ex rel. St. Albans-Springfield Corp.* v. *Connell,* 257 N. Y. 73.)

*Ralph Geilich* for respondents. The facts of this appeal
are the facts presented to the zoning board of appeals
and not the findings of fact made by the official referee upon
a trial *de novo.* (*Matter of Koeber* v. *Bedell,* 254 App. Div.
584; 280 N. Y. 692; *Matter of Brenner* v. *Bruckman,* 253
App. Div. 607; 278 N. Y. 503; *Matter of Foy Productions,
Ltd.,* v. *Graves,* 164 Misc. Rep. 479; 253 App. Div. 475;
278 N. Y. 498; *Townley* v. *Bruckman,* 168 Misc. Rep. 422;
255 App. Div. 943; *Matter of Dubow* v. *Ross,* 254 App. Div.
706; *Matter of Rubel Corp.* v. *Murdock,* 255 App. Div. 224;
280 N. Y. 839; *Matter of Dunne* v. *Walsh,* 235 App. Div. 72.)

RIPPEY, J.  The Hudson-Harlem Valley Title and Mort-
gage Company is the owner of certain premises situate on
the southwesterly corner of King street and Greeley avenue
in Chappaqua, town of New Castle, Westchester county,
with a frontage of 65 feet on Greeley avenue and
31.35 feet on King street.  Under the zoning ordinance of
the town of New Castle the property is located in the busi-
ness " B " district.  The ordinance requires, for any
building, a setback of six feet on King street and ten feet
on Greeley avenue.

Application was made to the town building inspector for
permission to erect a building fronting on King street
twenty-five feet in width according to plans and specifica-
tions attached to the application.  A building of that width
would permit of a setback of only six feet from Greeley
avenue.  The permit was refused.  Thereupon, on Sep-
tember 19, 1937, the owner appealed to the zoning board of
appeals of the town for a four-foot variance of the ordinance
on the ground of unnecessary hardship and practical
difficulty.  It was alleged that, if the ordinance was
enforced according to its terms, the owner would be deprived
of the use of one-third of its property in any event, but,
in fact and under the conditions obtaining, would be deprived
of the entire use of its property since it was unable to lease
a building twenty-one feet in width.  After hearings, at
which the petitioner had a full and fair opportunity to

present all of its evidence, and oral testimony had been received as well as documentary evidence and full consideration given by the board, a resolution was unanimously passed on December 6, 1937, upholding the decision of the building inspector and denying the variance on the ground that the setback requirements had been enforced on adjoining property and that the petitioner had been unable to show any unnecessary hardship or practical difficulty arising from the enforcement of the ordinance.

In accordance with and under the provisions of section 267 of the Town Law (Cons. Laws, ch. 62; Laws of 1933, ch. 751), the relator thereupon presented a petition to a Special Term of the Supreme Court, duly verified, setting forth that the decision of the zoning board of appeals was illegal in whole or in part and specifying the ground of the alleged illegality. An order of certiorari was made directed to the zoning board of appeals to review the decision and required a return to be made and served in accordance with the statute. Upon the filing of the return the parties stipulated that the issues be heard and determined by an official referee with the same force and effect as if tried at Special Term. Thereupon the official referee proceeded to hear, try and determine questions raised by the petition *de novo* and made an order that the petition be sustained, that a permit be issued for the erection of the building on the property in accordance with the plans and specifications filed with the building inspector and that the determination of the zoning board of appeals, in affirming the holding of the building inspector, be reversed. From that order an appeal was taken to the Appellate Division, which unanimously reversed the order of the official referee, dismissed the certiorari proceeding and reinstated and confirmed the determination of the zoning board of appeals.

The authority for the proceedings before the Special Term is found in section 267 of the Town Law, which reads as follows: " If upon the hearing at a special term of the supreme court, it shall appear to the court that testimony is necessary for the proper disposition of the

matter, it may take evidence or appoint a referee to take such evidence as it may direct and report the same to the court with his findings of fact and conclusions of law, which shall constitute a part of the proceedings upon which the determination of the court shall be made. The court may reverse or affirm, wholly or partly, or may modify the decision brought up for review."

The purpose of that section, so far as it has been referred to, is to permit a review of the determination of the zoning board of appeals. It is specifically provided that testimony may be taken before the Special Term. It is, nevertheless, provided that the testimony so taken on the proceedings before the Special Term shall constitute only a part of the proceedings upon which the determination of the court shall be made. All proceedings before the zoning board of appeals still remained a necessary part of the record upon which the review of the proceedings of the board was to be had. Neither expressly nor by necessary implication may the Special Term hear, try and determine the issue *de novo* without regard to the proceedings had, testimony taken, or decision of the board of appeals.

Section 719-a of the Greater New York Charter (Laws of 1901, ch. 466, as amd.), in effect during the time of the proceedings in *People ex rel. St. Albans-Springfield Corp. v. Connell* (257 N. Y. 73), provided, in language identical with the provisions of section 267 of the Town Law so far as here material, for proceedings before the Special Term for a review of the determination of the Board of Standards and Appeals of the City of New York. There, as in the quotation above from the Town Law, provision was made for a certiorari to review the determination of the board. In that case the extent of the power of the Special Term to review the determination of the Board of Standards and Appeals was before this court for review. Although asserting that the courts must not trespass upon the administrative powers which existed in the board to make its discretionary determination as to whether a variance should be granted, the findings of the Special Term were

modified, and, as so modified, affirmed. It appeared there, however, that the hearing before the board was largely perfunctory and without any evidence to sustain its determination. The action there taken effected no modification or departure from the rules there restated that the statutory certiorari proceeding does not permit of a trial *de novo* in Special Term of the question upon which evidence has been produced before the board as to whether a variance should or should not be allowed or that the court may not substitute its own judgment for the judgment of the board or that the judgment of the board may not be set aside unless it clearly appears to be arbitrary or contrary to law. Those rules have been followed in proceedings of this kind continually and consistently and strictly adhered to since that time (*Matter of Leone* v. *Brewer,* 259 N. Y. 386; *People ex rel. Sullivan* v. *McLaughlin,* 266 N. Y. 519; *Matter of Ft. Greene Associates, Inc.,* v. *Murdock,* 249 App. Div. 622; affd., 273 N. Y. 506; *Matter of Tenlan Realty Corp.* v. *Board of Standards and Appeals,* 251 App. Div. 311; affd., 276 N. Y. 594; *Matter of Drake Holding Corp.* v. *Murdock,* 278 N. Y. 553; *Matter of Rubel Corp.* v. *Murdock,* 255 App. Div. 224; affd., 280 N. Y. 839). Although authorized to take testimony, the power of the Special Term was limited by the statute to reverse or affirm, wholly or partly, or to modify the decision brought up for review. No authority was conferred to try the issue of a right to a variance of the zoning ordinance *de novo* or to substitute its judgment on the merits for that of the board. It is urged that the stipulation of the parties was broad enough to confer such jurisdiction upon the Special Term. Jurisdiction cannot, however, be stipulated beyond limits which the Legislature has specifically fixed.

It is urged that article 78 of the Civil Practice Act, by implication, at least, repealed section 267 of the Town Law. Nothing has been called to our attention upon which such a conclusion may be sustained. The method by which the matter might be brought before the Appellate Division cannot affect the result. This proceeding was commenced

under the provisions of the Town Law and has been carried through under those provisions without objection by either party, and reached the Appellate Division without objection being raised. It is now first raised in this court. The provisions of the Town Law, under which the proceedings were brought, are adequate to furnish the relator with a full and complete review, in the first instance, of the determination of the zoning board of appeals.

The referee found "that the proceedings before the board of appeals were regular and all parties received due and proper notice." There was adequate evidence before the board of appeals upon which it could exercise its judgment and make its determination that the enforcement of the ordinance imposed no unnecessary hardship or practical difficulty. There was no abuse of exercise of discretion; its decision was not arbitrary or capricious or contrary to law. The evidence before the board was conflicting. Evidence of a more extensive character was introduced before the official referee. Nevertheless, it all went to the same question as that before the board and presented a fair question of fact. There having been adequate opportunity for the petitioner to present all of its evidence at the hearing before the board and a fair question of fact having been presented upon which the discretion of the board was exercised, it was error for the Special Term to substitute its judgment for that of the board (*Matter of Rubel Corp.* v. *Murdock, supra*).

The order appealed from should be affirmed, with costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, SEARS, LEWIS and CONWAY, JJ., concur.

Order affirmed.