In the Matter of the Application of LUIGI CLINCO and AMALIA CLINCO, Petitioners, Respondents, against HARRIS H. MURDOCK and Others, Constituting the Board of Standards and Appeals of the City of New York, Appellants.

Second Department, April 7, 1941.

*James Hall Prothero* [*William C. Chanler, Corporation Counsel; Paxton Blair* and *James Hurley* with him on the brief], for the appellants.

*Antonio A. Benedetti*, for the respondents.

PER CURIAM. The board of standards and appeals of the city of New York appeals from an order of Special Term, made under article 78 of the Civil Practice Act, which reverses, vacates and annuls the determination of the board revoking the certificate of occupancy for a fur dressing factory issued by the superintendent of buildings of the borough of Queens.

The hearings before the board disclosed that the premises in question were used as a cow stable and hayloft in 1916, when the Building Zone Resolution placing the property in a residence zone became effective. No new buildings for a non-conforming use thereafter could be erected in the zone, and no old buildings therein could be structurally altered to be occupied and used for a non-conforming use unless the use proposed was already in existence or a variance secured. In 1919 the owner sought to use the property as a fur dressing factory and applied for a permit to do so. The superintendent of buildings disapproved the application, and on appeal to the board of standards and appeals the determination was sustained. Thereafter, and on August 17, 1923, the department of buildings issued the certificate of occupancy questioned in this proceeding. The certificate permits the use of the building as a factory for the drying and cleaning of furs. The files of the building department do not show that any application was made or plans filed upon which the certificate was issued.

A neighboring property owner in 1938 applied to the borough superintendent to revoke the certificate of occupancy, and the superintendent, on the ground that he was without authority in the premises, refused. The property owner appealed to the board of standards and appeals and hearings upon the application were had. The respondents in this proceeding were represented at these hearings, but offered no proof in respect of the question now raised, that is, whether the cow stable and hayloft in existence at the time the Building Zone Resolution became effective in 1916 was a conforming or a non-conforming use under the resolution. When the board moved to vacate the order issued under article 78 of the Civil Practice Act, that question was argued for the first time. The Special Term thereupon referred the matter to an official referee " to hear and report with his findings of fact and conclusions of law." Upon the referee's report the order from which this appeal is taken was made. It, therefore, appears that the order was made upon evidence not before the board. The effect of the reference was to enable the court to exercise its discretion in place of that of the board upon evidence adduced before the referee which was not in that form offered to the board. This it could not do. (*People ex rel. St. Albans-S. Corp. v. Connell*, 257 N. Y. 73; *Matter of Rubel Corp. v. Murdock*, 255 App. Div. 224.) If the proof was deemed necessary for the proper disposition of the matter and merited consideration, the whole matter should have been remitted to the board for the purpose of receiving the evidence and acting thereon. It was new argument and new evidence, advanced to overrule the ruling of the board, upon which the board had never acted.

The order should be modified on the law and the facts by striking out the first, second, third and fifth decretal paragraphs, with ten dollars costs and disbursements to appellants, and the proceeding remitted to the board of standards and appeals with instructions in determining the matter to make a finding of fact on the question of whether the use of the property on July 26, 1916, was a conforming or non-conforming use under the Building Zone Resolution of the City of New York, with leave to the parties to introduce further evidence upon another hearing, if another hearing be had.

LAZANSKY, P. J., HAGARTY, CARSWELL, JOHNSTON and ADEL, JJ., concur.

Final order modified accordingly.