In the Matter of FRANK DEL VECCHIO et al., Respondents, against T. DOUGLAS TUOMEY et al., Constituting the Board of Appeals of the Village of Brightwaters, Appellants.— In a proceeding pursuant to article 78 of the Civil Practice Act, defendant the board of appeals of the Village of Brightwaters appeals from a final order of the Supreme Court, Suffolk County, confirming the report of an Official Referee, annulling a decision of said board and directing that the board grant a variance for which respondents had applied. The notice of appeal brings up for review an order of reference to hear and report. Respondents' application to the board was for an area variance, so as to permit the extension of the buildings on property which respondents owned, closer to the street lines than was permitted by the pertinent provisions of the zoning ordinance. The application for the variance stated that it was asked for in order that renovations might be made to respondents' buildings, conforming their appearance with that of an adjacent building. The minutes of the board disclose that when the application was presented it was stated that proposed renovations would be necessary to give sufficient depth to stores which were to be constructed, and that if the variances were not granted, respondents would have to leave the property as it was. It was asserted that the proposed renovations would add beauty to the existing business district. Neither the application nor the minutes disclose that respondents claimed any practical difficulty or unnecessary hardship in complying with the provisions of the ordinance, nor does the record indicate that evidence sufficient to sustain such a claim was presented to the board. The board granted respondents' application in part, but denied the full relief applied for. In this proceeding, to review the determination by the board on the ground that it was arbitrary and capricious, the petition also alleged that the decision of the board did not resolve the practical

difficulties and unnecessary hardship confronting the respondents and did not permit them to make adequate or proper use of their property, and had rendered the use and improvement of that property valueless for business purposes. The board's answer alleged, *inter alia,* that its action was a fair exercise of discretion and was based on the physical setup of the streets which intersect at the corner where the subject property is situated, as shown on photographs attached thereto. An order of reference was made, directing that the Official Referee take evidence and report as to whether there were facts which indicated discrimination, whether respondents' property, as then constituted, could yield a reasonable return, and as to any other issue raised by the pleadings. In accordance with the order of reference, the Official Referee proceeded to try, on evidence presented before him, the question referred to him as to the return which the property would yield, together with other issues, and reported that the property did not yield a fair return, and that to continue "its present status" imposed an unnecessary hardship. While he did not expressly find discrimination, he did find that other property owners enjoyed privileges of occupying their property out to the building line, that no harm or danger would result from the granting of the variance applied for, and that the village of Brightwaters would "be amply protected and the esthetic tastes of property owners generally in the neighborhood will not be offended" thereby. His recommendation that the full variance requested should be granted was adopted, and his report was confirmed by the order appealed from. Final order reversed on the law and the facts, with $50 costs and disbursements, respondents' petition dismissed, and determination by appellants reinstated and confirmed. On the issues presented the court had no authority to try, or to determine, on evidence presented before the court or a referee the question of practical difficulty or unnecessary hardship or reasonable return from respondents' property. Whether a variance should be granted was a question which was required to be determined by the board within the discretionary powers granted by the zoning ordinance and the Village Law. (*Matter of Leone* v. *Brewer,* 259 N. Y. 386.) The only issue which the Special Term was empowered to decide was whether the determination by the board was the result of prejudice, or was otherwise arbitrary or capricious, and unless it clearly appeared that the determination was arbitrary, capricious or contrary to law, the court could not substitute its judgment for that of the board. (*People ex rel. Hudson-Harlem Val. Tit. & Mtge. Co.* v. *Walker,* 282 N. Y. 400; *Matter of Newbrand* v. *City of Yonkers,* 285 N. Y. 164.) The record presented is insufficient to establish any basis upon which the board could be required to grant the variance applied for, or that its determination not to grant such a variance was in any way arbitrary or capricious. (Cf. *People ex rel. Werner* v. *Walsh,* 212 App. Div. 635, affd. 240 N. Y. 689, and *Matter of Larkin Co.* v. *Schwab,* 242 N. Y. 330.) On the contrary, the record discloses that there was a rational basis for the determination made. Findings of fact inconsistent with the foregoing are reversed. Appeal from the order of reference, dated June 17, 1953, dismissed, without costs. Nolan, P. J., Adel, Wenzel and Murphy, JJ., concur; Beldock, J., concurs in the dismissal of the appeal from the order of reference, but dissents and votes to modify the final order by inserting after the words "exterior lot lines" the following: "on Orinoco Drive and North Windsor Avenue" and, as so modified, to affirm the final order, with the following memorandum: Section 179-b of the Village Law empowers the court, on the presentation of a petition to review a determination of the board of appeals, to take such testi-

mony as the court deems necessary for a proper disposition of the matter, which evidence, together with the evidence before the board, may serve as the basis of reversal, affirmance, or modification of the decision brought up for review. This is express statutory authority for the court to have taken testimony with respect to practical difficulty, unnecessary hardship, and reasonable return from respondents' property. Where there is no evidence taken before the board, and the evidence before the court (taken pursuant to statutory authority similar to that contained in Village Law, § 179-b) shows that the application for the variance should have been granted, the court is empowered to direct the board to grant the variance solely on the testimony before the court. (*People ex rel. St. Albans-Springfield Corp.* v. *Connell,* 257 N. Y. 73; *People ex rel. Hudson-Harlem Val. Tit. & Mtge. Co.* v. *Walker,* 282 N. Y. 400, 404–405.) While it is true, as the majority states, that the application does not disclose that respondents claimed any practical difficulty or unnecessary hardship in the application for the variance, the November 14, 1952, minutes of the board do state that there was "long and careful study of all data presented and * * * discussion of all problems involved". Whether or not that included evidence of practical difficulty or unnecessary hardship does not appear. What does appear is that, with knowledge by the board that its sole power to grant a variance was on proof of practical difficulty or unnecessary hardship (Zoning Ordinance, § 19, subd. [d]), the only ground stated by the board in its answer to respondents' petition in this article 78 proceeding, is that the variance was denied because of "the physical setup of the streets which intersect at the corner where the subject property is situated". Before the Official Referee, there was also testimony that the variance was denied because of the "great traffic congestion" at this corner, and that it would be impossible, if the variance were granted, to widen Windsor Avenue in the future. It was not claimed at any time by the board that respondents did not adduce sufficient proof before it that they did not receive a reasonable return or that they did not suffer practical difficulty or unnecessary hardship if the variance were not granted. With respect to the sole grounds claimed by the board to justify the denial of the complete variance requested, the Official Referee found they were fanciful and, therefore, arbitrary. The Official Referee also found, on the evidence before him, that respondents do not and could not receive a reasonable return unless the variance were granted. This resulted in a finding of unnecessary hardship. In my opinion, it may not be said that that determination is not sustained by the evidence.