In the Matter of DIOCESE OF ROCHESTER et al., Appellants, against PLANNING BOARD OF TOWN OF BRIGHTON et al., Respondents, and JOHN C. ROMANO et al., Intervenors-Respondents.

Fourth Department, December 29, 1955.

*Porter R. Chandler* and *David H. Shearer* for appellants.

*Andrew L. Gilman* and *Harold S. Coyle* for respondents.

*William F. Strang* for intervenors-respondents.

WHEELER, J.   Petitioners in this article 78 proceeding have appealed from an order of the Special Term dismissing the petition on the merits and affirming the decisions of the planning board, board of appeals and the town board of the Town of Brighton.   The review sought was in the nature of certiorari, the petition to  the Supreme Court praying that the determinations and decisions of the various boards be annulled and that issuance of a '' permit '' be directed.   The determinations appealed from are those of the respondent boards denying the application of the petitioner Diocese for permission to use certain premises in a class A residential district for the construction of a church and school and accessory uses, including several playgrounds and a 144-car parking lot, and also denying its application for a variance, regarding the use of incidental dwelling buildings for church and school purposes, contingent upon approval of the basic application.

At a hearing before the planning board and the board of appeals sitting in joint session, practically all the arguments and considerations pro and con were aired by both the proponents and a representative group of objectors.   Also, both in support of and in opposition to the applications, petitions containing a large number of signatures were before the boards.   Pursuant to

section 53 of the zoning ordinance, the determinations of the lower boards were appealed to the town board. Upon review by the latter body, the denials of the applications were affirmed. Thereafter, pursuant to section 267 of the Town Law, the instant proceeding under article 78 of the Civil Practice Act was instituted. The petitioners asserted before the Special Term and urge upon this appeal that the ordinance itself is unconstitutional upon several grounds and, in any event, the determinations of the various boards were arbitrary and unreasonable.

The attack upon the constitutionality of the ordinance may not be made in this proceeding. (*Matter of Holy Sepulchre Cemetery* v. *Board of Appeals*, 271 App. Div. 33; *Matter of Romig* v. *Weld*, 276 App. Div. 514.) This might be done by a direct action without first applying to the administrative body (*Vernon Park Realty* v. *City of Mount Vernon*, 307 N. Y. 493; *Dowsey* v. *Village of Kensington*, 257 N. Y. 221; *Brous* v. *Town of Hempstead*, 272 App. Div. 31; *Matter of Romig* v. *Weld*, *supra*), or after denial of the application (*Arverne Bay Constr. Co.* v. *Thatcher*, 278 N. Y. 222). The right to seek a permit or a variance and the right to attack the ordinance as unconstitutional are concurrent, nonexclusive remedies (*Kaufman* v. *City of Glen Cove*, 180 Misc. 349, affd. 266 App. Div. 870), the former assuming the validity of the ordinance while the latter attacks it (*Arverne Bay Constr. Co.* v. *Thatcher*, *supra*). The relief sought here assumes the constitutionality of the ordinance.

Assuming, then, the validity of the ordinance, the sole question is whether the decisions of the various boards were arbitrary and unreasonable. In approaching this problem it is hardly necessary to mention that, regardless of how the court might have decided the question *de novo*, it may not substitute its judgment for that of the board, or interfere in the determination unless there is a clear abuse of discretion. (*People ex rel. Hudson-Harlem Co.* v. *Walker*, 282 N. Y. 400; *Matter of Holy Sepulchre Cemetery* v. *Board of Appeals*, *supra*; *Matter of Calcagno* v. *Town Bd.*, 265 App. Div. 687, affd. 291 N. Y. 701.) Our concern is whether the record discloses a basis for the exercise of discretion from which the appeal is taken. (*Matter of Levy* v. *Board of Stds. & Appeals*, 267 N. Y. 347; *People ex rel. Hudson-Harlem Co.* v. *Walker*, *supra*.)

It should be noted that the primary approval sought by the Diocese was not a request for a variance, as the Town of Brighton zoning ordinance permits religious and educational uses in every district of the town; only in " Class A Residential " is such use subject to approval by the planning

board. The ordinance discloses a comprehensive plan of orderly growth and development of the Town of Brighton, a predominantly residential suburb of the City of Rochester. The plan, which is consistent with the nature of the area of zoning restriction, undoubtedly has as its purpose the development of the subject district, along with others, as a high-class residential area. To date the plan has been eminently successful, and it is not for us to say that the "package deal" offered the planning board would not so materially alter the nature of the district as to disrupt the entire integrated zoning scheme. Preservation of the character of the district is not the sole consideration. The subject application must be measured in the light of its reasonably probable effect upon a myriad of factors, the combined weight of which is greater than the sum of the component parts.

Important in the determination of the planning board was the nature of the application before it. The proposed immediate new uses and structures embrace a more complex and far different activity than might conceivably be normally contemplated by a clause in a zoning ordinance permitting religious and accessory uses in the most highly restricted residential zone. The application in the instant proceeding was *not* that for approval of use of zoned property solely for a church or a school. In view of all the circumstances presented upon this proceeding, not the least important of which is the fact that only 12% of the town is zoned class A residential, we cannot say that the determinations of the respondent boards were arbitrary or unreasonable, or that the Special Term erred in so holding.

The order insofar as appealed from should be affirmed.

All concur. Present — VAUGHAN, J. P., KIMBALL, WHEELER, VAN DUSER and WILLIAMS, JJ.

Order insofar as appealed from affirmed, without costs of this appeal to any party.