Frank Del Vecchio, J.
Petitioners have instituted an article 78 proceeding to review the determination of the Zoning Board of Appeals of the Town of Onondaga denying an application for a variance to permit erection of a gasoline station on the northeast corner of Velasko and McDonald Roads and for an order reversing the determination and directing the granting of a certificate of variance.
The property in question is a vacant lot located in an area designated by the zoning ordinance as one-family residential district R-l-1. The application for the certificate of variance alleges that the physical situation of the lot is not suitable for a residential development and was filed pursuant to paragraph 5-0 of said ordinance, which provides that after due notice and public hearing: ‘ ‘ Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of such ordinance the Board of Appeals shall have the power * * * to vary or modify the application * * * of such ordinance relating * * * to use of land so that the spirit of the ordinance shall be observed, public safety and welfare secured and substantial justice done.”
The papers submitted on the motion do not contain any findings of fact or formal resolution by the board. The only indication of the administrative body’s determination is the following statement contained in the summary minutes of the public hearing held on petitioners’ application: “ Mr. Sweeney later moved that this application for a Certificate of Variance by the Grahams be denied. The motion was seconded by Mr. Callahan and unanimously accepted by the Board.”
The foregoing is insufficient, in the opinion of the court, to permit a proper review of the action here challenged. The Court of Appeals has said in Matter of Barry v. O’Connell (303 N. Y. 46) that an administrative agency must give reasons for its decision before it may be intelligently reviewed. See, also, in Matter of Scudder v. O’Connell (272 App. Div. 251) where the court held that without findings of fact no review was possible and remitted the proceeding to the administrative *32 agency with instructions to make findings of fact in support of whatever determination it might reach.
The situation at bar is similar to that in Hempstead Bottling Works Corp. v. Patterson (117 N. Y. S. 2d 103) wherein the refusal of a town board to grant an exception to the zoning ordinance was challenged as arbitrary and capricious. Belying upon the Barry and Scudder cases, the court annulled the decision of the town board and remitted the matter for further consideration and a determination stating the facts or reasons in support thereof so as to permit an intelligent judicial review.
The procedure adopted in the cases cited appears to be appropriate here. Accordingly, the determination of the Zoning-Board of Appeals of the Town of Onondaga is annulled and the proceeding remitted for action in accordance with this opinion.
Petitioners have argued that under section 267 of the Town Law this court should hold a hearing, take proof and make a final decision as to the granting or denial of petitioners’ variance. They desire to prove by expert testimony that the erection of a gas station will not devalue any of the adjoining properties in the area; that their property is not reasonably suitable for residential use; that other property in the area cannot be developed at all; and they propose to ■ offer in evidence photographs which were not before the board. This evidence which petitioners wish to present is supplemental to that which was offered to the zoning board on the original application and would in effect make the hearing a trial de novo on the merits of petitioners’ request for a variance.
After reviewing the statute and the case law of this jurisdiction this court is of the opinion that such a procedure is not warranted in the present situation. Section 267 of the Town Law must be read, having- regard for the scope of judicial review of an administrative determination, which is narrowly circumscribed. (Matter of Kilgus v. Board of Estimate, 308 N. Y. 620 and cases cited therein.) Petitioners rely upon People ex rel. St. Albans-Springfield Corp. v. Connell (257 N. Y. 73, 81) as authority for the power of the court to supplement the record. Even in that case, however, the Court of Appeals said: “ The power is to be used cautiously, with extreme care where there appears to be a probability that the effect of the additional testimony, if it is received, will be to show the ruling-complained of to be wrong; and when the whole case comes to be decided upon the new testimony and the old, the court, even then, is not to put itself in the position of the Board, is not to substitute its own discretion for that of the administrative agency established by the statute in a situation where the exer *33 cise of discretion is possible. The necessity for a variance is to be determined under section 21 of the Amended Building Zone Resolution by the Board of Standards and Appeals. Its judgment should be final unless it clearly appears to be arbitrary or contrary to the law. The powers of the Board, as outlined in section 719, are very largely administrative, including much that has to do with the zoning situation. The courts must not trespass upon this administrative work, but confine their review to correcting legal errors.” Subsequent decisions have consistently adopted the position that a court is not authorized to hold a trial de novo on a matter which is in the first instance one for administrative determination. (Matter of Rubel Corp. v. Murdock, 255 App. Div. 224, affd. 280 N. Y. 839; Matter of Calcagno v. Town Board, of Webster, 265 App. Div. 687; Matter of Del Vecchio v. Tuomey, 283 App. Div. 955; People ex rel. Hudson-Harlem Co. v. Walker, 282 N. Y. 400.) Moreover, the effect of the St. Albans case in allowing supplemental proof has been somewhat limited by the Hudson-Harlem case (p. 405) which distinguishes the prior decision upon the ground that ‘ ‘ It appeared there, however, that the hearing before the board was largely perfunctory and without any evidence to sustain its determination.”
The case of Matter of Teschner v. Town of Pittsford (129 N. Y. S. 2d 803, affd. 285 App. Div. 851) recently decided in this department, is in point. In that case, as in this, the zoning board denied a variance after a public hearing and petitioners brought a proceeding identical to the one now pending, asking that a hearing be held at which they might introduce proof supplemental to that which was before the board. In denying the request Judge Witmer said (pp. 806-807): “ The difficulty with that suggestion, however, is that the Court’s duty herein is to review the proceedings had before the Board of Appeals and determine whether or not it acted properly upon the facts before it. See Rodgers v. Village of Tarrytown, supra [302 N. Y. 115, 123]; Newbrand v. City of Yonkers, 285 N. Y. 164, 175, 177-179, 33 N. E. 2d 75, 81, 82-83; and Hilton v. Board of Appeals of the City of Geneva, Sup., 18 N. Y. S. 2d 213, 216. Although in an appropriate case the Court must take testimony in connection with the proceedings before the Board of Appeals and upon the merits of the application, Town Law, § 267, subds. 7 and 10, it cannot permit the applicant in effect to by-pass the Board of Appeals and present his facts in support of the claim of hardship to the Court in the first instance. Newbrand v. City of Yonkers, supra, 285 N. Y. 164, 173, 33 N. E. 2d 75, 82. It is the administrative function of the Board *34 of Appeals to hear such facts as are relied upon by the applicant in support of his request for a variance, and to consider them in rendering its decision.”
Without deciding what is an “ appropriate case ” in which the court must take testimony, this court is satisfied that the circumstances here presented do not satisfy that description. There is no claim that the hearing before the zoning board was perfunctory or less than adequate to permit petitioners to offer proof of facts which they claimed favor their variance.
However, inasmuch as the matter must be remitted to the board, in the exercise of its discretion and in the interest of justice, the court will direct that the petitioners may have a further hearing before that body to offer any additional evidence, with instructions to the board to make findings of fact in support of whatever determination it may reach on the evidence. (See Matter of Scudder v. O’Connell, 272 App. Div. 251, supra.)
Order accordingly.