■ In the Matter of LEMIR REALTY CORP., Respondent, against EDWARD P. LARKIN et al., Constituting the TOWN BOARD OF THE TOWN OF HEMPSTEAD, Appellants.— In a proceeding to review a determination of the Town Board of the Town of Hempstead which denied an application for permission to install gasoline storage tanks and to conduct a gasoline service station on premises described in the petition, the appeal is from so much of an order as on reargument directed appellants to issue a permit for such installation and use unless appellants, within 10 days, file a proper return. Order modified by striking from the ordering paragraph everything following the words "upon reargument" and by substituting therefor a provision directing appellants to serve an amended answer, stating such facts as may be pertinent and material to show the grounds of the action taken by them which is complained of, and also serve and submit an affidavit made by a person having knowledge of the facts, or other written proof, showing such evidentiary facts as shall entitle them to a trial of any issue of fact (see Civ. Prac. Act, § 1291), and a further provision permitting respondent, in the event of a default by appellants in such service or submission, to apply to the court at Special Term for a final order in its favor on the basis of the petition and accompanying papers (see Civ. Prac. Act, § 1297). As so modified, order unanimously affirmed, without costs. The amended answer, and the affidavit or other written proof, shall be served or submitted within 20 days after the entry of the order hereon. We do not find it necessary to determine the precise nature of the function exercised by appellants in granting or refusing special exceptions under the town building zone ordinance, or in granting or refusing permits for the storage of gasoline or the use of property as a gasoline filling station. It is sufficient to say that in making such determinations, the Town Board exercises judgment or discretion of a character which is reviewable as to reasonableness in a proceeding pursuant to article 78 of the Civil Practice Act (cf. *Matter of Rothstein* v. *County Operating Corp.*, 6 A D 2d 711, affd. 6 N Y 2d 728). Such being the case, appellants should have complied with the provisions of section 1291 of that article, and, on their failure to do so, the Special Term could have rendered a final order against them on the basis of the petition and accompanying papers (Civ. Prac. Act, § 1297). The Special Term granted the order appealed from, not for that reason, however, but because of appellants' neglect to receive factual evidence and to make proper findings. The record does not disclose that appellants have refused or neglected to receive factual evidence, and we are of the opinion that they were not required, as a matter of law, to make findings in support of their determination. We are not unmindful of the requirement that such findings be made by boards or officers required to exercise quasi-judicial or administrative functions pursuant to

legislation which circumscribes their power to act by providing rules and standards for their guidance which they may not disregard (cf. *Matter of Elite Dairy Prods.* v. *Ten Eyck,* 271 N. Y. 488; *Matter of Scudder* v. *O'Connell,* 272 App. Div. 251 and cases there cited; *Matter of Wehr* v. *Crowley,* 6 A D 2d 214; *Matter of Holmes & Murphy* v. *Bush,* 6 A D 2d 200; *Matter of Syosset Holding Corp.* v. *Schlimm,* 4 A D 2d 766; *Matter of Bach* v. *Board of Zoning Appeals,* 282 App. Div. 879). The necessity for findings of fact is not so apparent, however, when the legislative body reserves to itself the right to make exceptions to general rules or, as here, when the body empowered to grant consent is the same body which enacted the ordinance (cf. *Matter of Larkin Co.* v. *Schwab,* 242 N. Y. 330). In such a case there need be no conformity to standards prescribed since no conditions have been formulated, express or implied, under which permits or approvals must be granted. That is left to the untrammeled, but of course not capricious, discretion of the board (cf. *Matter of Larkin Co.* v. *Schwab, supra,* p. 335; *Green Point Sav. Bank* v. *Zoning Appeals Bd.,* 281 N. Y. 534). Here, although findings of fact would have been helpful, we believe that there may be an adequate review of the determination complained of, if appellants shall comply with the provisions of the statute heretofore referred to. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ. Settle order on notice.