■ In the Matter of the Estate of CHESTER DEVAUX, Deceased. JACQUELINE DEVAUX, Appellant; ROSETTA E. DEVAUX, Respondent.— In a proceeding by decedent's daughter for letters of administration, in which his widow filed a cross petition for such letters, petitioner appeals from an order of the Surrogate's Court, Queens County, dated October 10, 1960, denying her motion for summary judgment pursuant to rule 113 of the Rules of Civil Practice. The motion was based on the ground that petitioner is decedent's sole surviving daughter and that the widow is not decedent's lawful widow, her marriage to the decedent being void because she was then legally married to another man. Order affirmed, without costs. The record presents issues of fact which should be determined by trial and not by affidavits. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.

■ In the Matter of ROSE M. EISNER, Appellant, v. WESLEY J. FARRINGTON, as Commissioner of Building of the City of White Plains, et al., Respondents. In the Matter of ROSE M. EISNER, Appellant, v. HERBERT K. MORRELL et al., Constituting the Zoning Board of Appeals of the City of White Plains, et al., Respondents.— In two consolidated proceedings under article 78 of the Civil Practice Act, to review determinations by respondent Commissioner of Building and respondent Zoning Board of Appeals of the City of White Plains, which in substance approved, under stated conditions, the construction of an addition to the residence of respondents Evans, the petitioner appeals from an order of the Supreme Court, Westchester County, dated June 28, 1960, dismissing both proceedings on the merits. Order affirmed, with one bill of costs. The building addition, containing several rooms, was designed for use by respondent Alvin Evans as an office for the practice of his profession as a doctor of veterinary medicine. The Zoning Ordinance of the City of White Plains permits, as an accessory use, a "Professional office * * * in principal building" restricted to residence use. Respondent Zoning Board of Appeals found, in effect, that the alteration made as directed by it, would constitute an integral unit with the principal building, which would consist of the residence and a professional office therein. That finding, supported by substantial evidence, was not arbitrary or capricious and may not be disturbed by the court (cf. *Matter of Reed* v. *Board of Standards & Appeals,* 255 N. Y. 126, 136; *People ex rel. Hudson-Harlem Valley Title & Mtge. Co.* v. *Walker,* 282 N. Y. 400, 405). It is conceded that the practice of veterinary medicine is a profession and we find nothing in the zoning ordinance which prohibits the practice of that profession in an office in the doctor's residence. If a veterinary hospital is established on the premises, in violation of the zoning ordinance, petitioner will not be without remedy. Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur.