■ In the Matter of Sound Oil Co., Inc., Respondent, v. Joseph P. Plonski et al., Constituting the Zoning Board of Appeals of the Town of Huntington, Appellants.— In this proceeding, pursuant to article 78 of the Civil Practice Act, the Zoning Board of Appeals of the Town of Huntington appeals from an order of the Supreme Court, Suffolk County, dated March 25, 1960, which (1) annulled the board's determination denying petitioner's application for a permit to erect 10 oil storage tanks on its property, and (2) directed the board to issue the permit. Petitioner owns a triangular shaped parcel of property located in a General Industry District in the Town of Huntington. The property is bounded on the west by Elwood Road, on the north by Route 25-A, and on the east by a Long Island Rail Road spur line. In 1946 and 1948, the board granted petitioner permits to erect three small oil storage tanks on the northeast corner of its property. On March 11, 1953, the Town Zoning Ordinance was amended to read in pertinent part (art. V, § 1, subd. D) as follows: "Storage of Fuel Oil and other inflammable liquids. In a General Industry District, and in no other, tanks for the storage of Fuel Oil, Kerosene, or other inflammable liquids, may be permitted and installed, provided the Board of Appeals shall find: * * * 3. That all tanks are located at least 25% of the depth of the district from the line of any highway or bulkhead of any navigable water way and an equal distance from the boundary of any adjacent property but in no event less than 25 feet or greater than 75 feet from the aforesaid lines". On December 8, 1958, the board granted petitioner a permit to erect two large oil storage tanks upon the condition, inter alia, that the tanks be set back no less than 25 feet from the front or property line. Petitioner erected the tanks 25 feet from Route 25-A but only 17 feet from the railroad property line. On July 31, 1959, petitioner applied for a permit to erect 10 additional large oil storage tanks stating that it would comply in all respects with the aforesaid subdivision D. A supplemental plan submitted in support of the application shows that 3 of the proposed tanks would be located 25 feet from Elwood Road, and 6 would be located 17 feet from the railroad's spur line. The board denied the application for failure to comply with section 6 of article IX, and with subdivision D of section 1 of article V of the zoning ordinance. Section 6 of article IX provides that the board shall not grant a permit for any special exception until it shall have determined that certain standards, therein referred to, have been and will be met. Order reversed on the law and the facts, without costs, and determination of the Zoning Board of Appeals confirmed. Findings of fact contained in the memorandum decision of the Special Term which may be inconsistent herewith are reversed, and new findings are made as indicated herein. It was for the zoning board to determine, in the exercise of a reasonable discretion, and in accordance with the standards provided for its guidance, whether the application should be granted. On the record presented, we are

unable to say that its refusal to grant the application was arbitrary or capricious. On the contrary, there was, in our opinion, a rational basis for the determination made. Consequently, the court may not substitute its judgment for that of the board (cf. *People ex rel. Hudson-Harlem Val. Tit. & Mtge. Co.* v. *Walker*, 282 N. Y. 400; *Matter of Larkin Co.* v. *Schwab*, 242 N. Y. 330). Nolan, P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.