DoMEmoK L. Gabrielli, J.
Petitioner prays ‘1 for an Ord.er annulling the determinations and decisions of the Building Inspector and the Board of Appeals of the Town of Greece in denying the application of petitioner, as set forth in said petition, and directing that a permit issue to petitioner to erect a house on Lot 5 of English Village Subdivision, Section 2, as said lot is shown on a map filed in Monroe County Clerk’s Office in Liber 147 of Maps at page 14, and that said permit provide that said house should set back 67.5 feet from the east edge of Mt. Bead Boulevard ”.
On or about the 14th day of April, 1961, petitioner began the construction of a residence dwelling on Lot No. 5 of the English Village Subdivision, Section 2 on the east side of Mt. Bead Boulevard in the Town of Greece. It is undisputed and conceded by all that no building permit was obtained or applied for prior to said construction, all of which is required by section 20 of the Town of Greece, New York, Zoning Ordinance.
Thereafter a “ Stop-Work Order ” was issued by the Town of Greece, pursuant to its ordinance, and the Town Law; and it is alleged that work on said structure continued thereafter. The petitioner does not seriously deny this.
An application for a building permit was thereafter made to the Building Inspector by the petitioner, and a permit was refused by him 11 unless the front setback line conforms with existing structures within 300 feet, to wit: 115 feet from the center of Mt. Bead Boulevard ”.
From this denial, the petitioner took an appeal to the Zoning Board of Appeals of the Town of Greece, and after a hearing at which oral as well as documentary evidence was received, the Zoning Board of Appeals denied the application alleging, among other things, that the erection and construction of the house in question violated the front setback restrictions as provided by the Zoning Ordinance of the Town of Greece.
*416 The respondents contend that the petitioner has not complied with the provisions of the zoning ordinance, as it then applied, which provides:

11 Section 10. Setback Exceptions

“ As an exception to the above requirements, when any building is hereafter erected, constructed or built within a residential district on a road or street on the same side of which buildings or structures are located within three hundred (300) feet on either side, the line or set-back 'shall be not less than the average set-back of all such buildings for a distance of three hundred (300) feet on each side of said proposed new building.”
Petitioner claims that this section is unconstitutional, and further states that the refusal of the respondents to issue the permit was capricious and illegal.
There is no dispute as to the location of the setback line of petitioner’s building, and that the line does not conform with the requirements of the zoning ordinance, as quoted.
The record further reveals that no application for a variance has or had been made by the petitioner herein.
There is no showing here that the quoted section of the zoning ordinance relating to setback lines, is unconstitutional. The petitioner’s claim that the requirements of that section are confiscatory and unreasonable, is not well taken. This section of the ordinance, when read with the entire ordinance and comprehensive plan of zoning, shows a well-defined and regulated plan for the safety, public health and welfare of the community.
It is well settled that a court may not substitute its judgment for that of the board, or body it reviews, unless the decision under review is arbitrary and unreasonable and constitutes an abuse of discretion. (Matter of Diocese of Rochester v. Planning Bd. of Town of Brighton, 1 N Y 2d, 508, 520.)
The only issue which Special Term is empowered to decide is whether the determination of the board was the result of prejudice, or was otherwise arbitrary or capricious. (Del Vecchio v. Tuomey, 283 App. Div. 955, affd. 308 N. Y. 749.)
The moving papers and the return indicate that there was adequate oral and documentary evidence submitted to the board, upon which it could exercise its judgment and make its determination. The determination was not arbitrary or contrary to law. The proceeding is dismissed. The determination of the Zoning Board of Appeals, therefore, must be and hereby is confirmed.