■ In the Matter of WILLIAM SARANT, Respondent, v. ZONING BOARD OF APPEALS OF THE TOWN OF OYSTER BAY, Appellant.— In a proceeding pursuant to article 78 of the CPLR to review appellant's determination, dated August 27, 1969, granting a variance to Gilbert Allyn Lewis to construct a one-family dwelling on a plot of land adjacent to petitioner's premises, the appeal is from a judgment of the Supreme Court, Nassau County, dated September 8, 1970, which granted the petition and annulled the determination. Judgment reversed, on the law, without costs, petition dismissed and determination confirmed. The record on appeal indicates, *inter alia,* and appellant so found, that (1) the subject plot is irregular in shape, (2) it has an area of 10,556 square feet, (3) it is in a " C " residential zone, which only requires an area of 10,000 square feet, (4) the home proposed to be built on the plot conforms to all yard and setback requirements of the Zoning Ordinance of the Town of Oyster Bay and (5) the

---

applicant only sought relief from the width requirements of the zoning ordinance, which prescribe that a building plot must have a width of 80 feet at the building line. Because of Lewis' prior action in subdividing the premises of which the subject plot was a part, the plot has only a width of 71.7 feet at the building line. Appellant also found, based on the evidence adduced before it, that the development and use of the plot in violation of the width requirements create no injury to adjoining properties and also would not create any unusual burdens on municipal services. We conclude that appellant's above-mentioned findings and its additional conclusion that denial of the request for a variance would cause the owner of the plot to suffer severe economic hardship were not, in view of the record, arbitrary, capricious or contrary to law. Therefore the granting of the variance by appellant should not have been disturbed by Special Term (cf. *People ex rel. Hudson-Harlem Val. Tit. & Mtge. Co.* v. *Walker*, 282 N. Y. 400). Although Lewis' difficulty with respect to the plot's insufficient width at the building line was self-created, that fact in and of itself did not deprive appellant of its discretionary power to grant the variance (*Banos* v. *Colborn*, 35 A D 2d 281, 285; *Matter of Willits* v. *Schoepflin*, 23 A D 2d 868). Furthermore, Lewis, having an enforceable contract to sell the plot for $16,000 as opposed to an unenforceable offer from a neighbor to purchase it for $8,000, will suffer significant economic injury if the granting of the variance is not sustained (cf. *Matter of Hatfield* v. *Kempner*, 35 A D 2d 1010). Rabin, P. J., Hopkins, Martuscello and Brennan, JJ., concur.