■ In the Matter of DARSWAN, INC., Appellant, v ALBERT CAPELLINI et al., Constituting the Town Board of the Town of Yorktown, Respondents, and MICHAEL BLOOM et al., Intervenors-Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent town board, dated July 20, 1976, which rejected a site plan for a regional shopping mall, petitioner appeals from a judgment of the Supreme Court, Westchester County, entered March 2, 1977, which, *inter alia,* confirmed the determination, except for so much thereof as dismissed the ninth affirmative defense contained in the intervenors' answer. Judgment reversed insofar as appealed from, on the law, without costs or disbursements, and proceeding remanded to Special Term for a hearing and new determination in accordance herewith. The express permitted main use, as set forth in the applicable zoning ordinance, is that of regional shopping center. Petitioner relied thereon in its purchase of the 50-acre tract herein for $1,450,000 and in its alleged further expenditure of more than $250,000 for architects and other professional consultants. Ordinances such as this are "tantamount to a legislative finding that the permitted use is in harmony with the general zoning plan and will not adversely affect the neighborhood" *(Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston,* 30 NY2d 238, 243; *Matter of Rich v Zoning Bd. of Appeals of Vil. of Hastings-on-Hudson,* 53 AD2d 672). It was therefore improper for the town board to reject the site plan because the proposed shopping center might weaken the existing retail shopping areas and burden the neighboring roads. As to the other stated reasons for rejection, there was no hearing at Special Term and the record is insufficient for us to determine whether there were technical deficiencies in the site plan beyond those which petitioner agreed to correct, and, if so, whether they were capable of correction. The record is also insufficient as to the propriety of the town board's rejection of the site plan for alleged insufficient sewage capacity and its provisions with respect to drainage. A hearing is therefore necessary as to these three issues. Latham, J. P., Rabin, Titone and O'Connor, JJ., concur.