■ In the Matter of DARSWAN, INC., Respondent, v ALBERT A. CAPELLINI et al., Constituting the Town Board of the Town of Yorktown, Appellants, and MICHAEL BLOOM et al., Intervenors-Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Town Board of the Town of Yorktown, which rejected a site plan for a regional shopping center, the town board and the intervenors appeal from a judgment of the Supreme Court, Westchester County, dated June 2, 1978, which, *inter alia,* directed the town board to accept and approve the petitioner's site plan, on the condition that the petitioner revise the plan in accordance with the provisions of the judgment. Judgment reversed, on the law, without costs or disbursements, and the petitioner is granted leave to

submit a new site plan to the town board, either in accordance with the directions of the judgment or otherwise. The town board shall approve or disapprove the revised site plan within 45 days after the submission thereof by the petitioner, subject to the continuing jurisdiction of Special Term by virtue of this proceeding. We previously remanded this proceeding to Special Term for a hearing and new determination because the record was insufficient to determine whether there were technical deficiencies in the site plan beyond those which petitioner agreed to correct, and if so, whether they were capable of correction, and whether the town board's rejection of the site plan for insufficient sewage capacity and provisions for drainage was proper *(Matter of Darswan, Inc. v Capellini,* 58 AD2d 892). Upon the hearing on the remand, the petitioner presented a revised site plan to Special Term; that site plan, among other things, provided for new traffic flow patterns, fencing, and other changes in drainage and sewage disposal. The revised site plan was never submitted to the town board for its consideration. The statutes and town ordinance confer primary responsibility on the town board for approval of the site plan (see *Matter of Lemir Realty Corp. v Larkin,* 8 AD2d 970, affd 11 NY2d 20; 2 Anderson, American Law of Zoning [1968 ed], § 11.75, pp 439-440). Upon judicial review of the action of a town board, the court, in hearing evidence not before the town board originally, may not try the matter *de novo* or substitute its judgment on the merits for that of the board *(People ex rel. Hudson-Harlem Val. Tit. & Mtge. Co. v Walker,* 282 NY 400, 405). The overriding question to be determined by the court is whether the board's action under review is arbitrary. Since the revised plan was not submitted to the town board, no action was consequently adopted by it concerning the plan. The finding made by Special Term and the conditions imposed in the judgment may well be reasonable under the circumstances, but it is the reasonable judgment of the town board which must control. We therefore grant leave to the petitioner to submit a revised site plan to the town board, which should act promptly in making its determination (cf. *Doran Invs. v Muhlenberg Twp.,* 10 Pa Commonwealth Ct 143; *Board of Comrs. of Twp. of O'Hara v Hakim,* 19 Pa Commonwealth Ct 661; *Mueller Assoc. v Zoning Hearing Bd. of Buffalo Twp.,* 30 Pa Commonwealth Ct 386; *Frankland v City of Lake Oswego,* 267 Or 452). In the meantime, and following the action of the town board, Special Term shall continue its jurisdiction over this matter. Hopkins, J. P., Titone, O'Connor and Cohalan, JJ., concur.