In the Matter of RUSSEL CALCAGNO et al., Respondents, against TOWN BOARD OF TOWN OF WEBSTER and Board of Appeals of Town of Webster, Appellants.

Fourth Department, March 19, 1943.

*Alan M. Hill* for appellants.

*Claude T. Taggart* for respondents.

*Per Curiam.* This appeal is from an order of the Special Term confirming the report of the official referee appointed pursuant to section 267 of the Town Law to review a determination of the Board of Appeals of the town of Webster. The Board of Appeals denied petitioners' application for a variance permitting them to operate a commercial gravel pit on their land. The order appealed from annuls the determination of the board and directs the issuance of the permit.

The petitioners' property is located in a zoning district known as " Agricultural-Residence B " zone. The operation of a commercial gravel pit is not one of the uses permitted in such a zone. The ordinance, however, provides that the Board of Appeals may, subject to certain conditions, grant a variance so as to permit the operation of a gravel pit. The Board is authorized to exercise its discretion where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the ordinance. (Town Law, § 267.) The board may grant a variance upon the ground of unnecessary hardships where the record shows: " (1) the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone; (2) that the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood which may reflect the unreasonableness of the zoning ordinance itself; and (3) that the use to be authorized by the variance will not alter the essential character of the locality." (*Matter of Otto* v. *Steinhilber,* 282 N. Y. 71, 76.)

The record, in our opinion, does not establish that the land in question cannot yield a reasonable return if used only for the purpose allowed by the ordinance nor does it show that the plight of the owner is due to any unique set of circumstances. The record does disclose a fair question of fact as to whether the use to be authorized by the variance will alter the essential character of the locality. It cannot be fairly said, however, that the board's decision upon that question was either arbitrary or capricious.

The court cannot make a determination *de novo* or substitute its judgment for that of the board and it may not set aside the judgment of the board unless it clearly appears to be arbitrary or contrary to law. (*People ex rel. Hudson-Harlem Co.* v. *Walker,* 282 N. Y. 400, 405.)

The official referee did not report that the determination of the board as to any of the facts underlying the question of unnecessary hardship was arbitrary or unreasonable. He did report that the refusal of the board to grant the petitioners' application for the permit unlawfully deprived the petitioners of the right to remove sand and gravel from the land which they own. The mere fact that the petitioners' land contains deposits of sand and gravel and that the Board of Appeals has refused to grant them a permit to operate a commercial gravel pit does not in itself unlawfully deprive them of their property. The petitioners, in order to become entitled to a variance, must show factors sufficient to constitute such a hardship as would in effect deprive them of their property without compensation. (*Arverne Bay Construction Co.* v. *Thatcher,* 278 N. Y. 222, 226, 227.) Restrictions within reasonable limits upon the use of property for the common good have been consistently recognized as valid, although it has been held that when the regulation goes too far it will be recognized as a taking. (*Pennsylvania Coal Co.* v. *Mahon,* 260 U. S. 393; *People* v. *Calvar Corp.,* 286 N. Y. 419.)

The record here does not, in our opinion, establish that the refusal to grant the variance will result in unnecessary hardship or that it will deprive petitioners of the use of their property to such an extent as to constitute the taking of the same without compensation.

The order appealed from should, therefore, be reversed on the law and facts without costs, and the determination of the Board of Appeals confirmed.

All concur, except HARRIS, J., who dissents and votes for affirmance of the order appealed from on the ground that the determination of the Board of Appeals was arbitrary and unreasonable. Present — CUNNINGHAM, TAYLOR, DOWLING, HARRIS and McCURN, JJ.

Order reversed on the law and facts without costs of this appeal to any party, and motion to confirm the report of the official referee denied without costs, and determination of the Board of Appeals confirmed without costs. Certain findings of fact and conclusions of law disapproved and reversed.