In the Matter of DIOCESE OF ROCHESTER et al., Petitioners, against PLANNING BOARD OF TOWN OF BRIGHTON et al., Respondents, and JOHN C. ROMANO et al., Intervenors-Respondents.

Supreme Court, Special Term, Monroe County, June 3, 1955.

*David H. Shearer* and *Porter R. Chandler* for petitioners.

*Harold S. Coyle* and *Andrew L. Gilman* for respondents.

*William F. Strang* for intervenors-respondents.

BRASSER, J.   This is an application by the diocese of Rochester and Joseph F. Taylor as executor of the will of William A. E. Drescher, deceased, under article 78 of the Civil Practice Act and section 267 of the Town Law to review the determinations and decisions of the planning board, zoning board of appeals and town board of the Town of Brighton, Monroe County, New York. These decisions denied the application of the petitioners for a permit to construct, maintain and operate a church, school and incidental buildings upon property known as the Drescher property, located at 2615 East Avenue, town of Brighton. As a contingent determination the petitioners request a variance in the zoning regulations to permit the continuance of incidental buildings on a single residential lot, which request for variance was also denied.

It appears that the property in question is located in a Class A residential district. It also appears that the diocese has agreed to purchase the property, subject to the granting of the permit to erect the necessary church and school buildings with accompanying accessory uses.

In a Class A residential district single family one and two-story or two and one half-story dwellings are permitted, but

educational or religious buildings may be erected only if approved by the planning board.

Motions now before the court are (1) to strike paragraphs " 4," " 5," " 9," " 15 " and " 21 " (c) and (d) as irrelevant and immaterial, and (2) an oral motion made on the day of the argument before the court to dismiss the petition *in toto* on the ground that no triable issues of fact have been raised.

The petitioners assert that the actions on the part of the various town boards and determinations were arbitrary and unreasonable. To sustain their attack they contend that the ordinances in themselves are unconstitutional in that they deny petitioners the equal protection of the law, viz., the free exercise of the right of religious worship, and take property without due process of law. They further assert that the decision of the planning board is unconstitutional, and that in any event questions of fact are raised requiring a trial of the alleged issues.

It is well settled that petitioners cannot, in the same proceeding, both assail a statute as unconstitutional and rely upon it. (*Buck* v. *Kuykendall,* 267 U. S. 307.)

As to the constitutional questions posed, that is those attacking the validity of the ordinances themselves, this court is of the opinion that such are not proper to be considered. An application of this type is primarily an appeal to the discretion of the board, and for that purpose, the validity of the ordinance is assumed. (*Vernon Park Realty* v. *City of Mount Vernon,* 307 N. Y. 493, 501; *Matter of Holy Sepulchre Cemetery* v. *Board of Appeals of Town of Greece,* 271 App. Div. 33.)

This rule does not deny the petitioners the right to attack the ordinance on constitutional grounds in a separate proceeding. (*Arverne Bay Constr. Co.* v. *Thatcher,* 278 N. Y. 222.)

Further this is not a holding that constitutional questions cannot be raised under article 78 of the Civil Practice Act. Such questions are generally issues in a " mandamus-type proceeding ". (*Matter of Zorach* v. *Clauson,* 303 N. Y. 161, 175.)

As to the contention of petitioners that the decision of the planning board was unconstitutional, as differentiated from the attack upon the constitutionality of the ordinances, this poses the problem that it is possible that even though the ordinances be constitutional on their face they may be administered in an unconstitutional manner. In this regard, in order to invoke this principle, it must appear that there is " ' an element of intentional or purposeful discrimination ' by the enforcement authorities ". Such does not appear in the allegations of the petition herein. (*Matter of Zorach* v. *Clauson, supra,* p. 174.)

Assuming the truth of all the well-pleaded allegations of the petition, the question is presented whether or not such allegations of facts are sufficient to establish unreasonable and arbitrary conduct on the part of the boards administering the ordinances in question. Citations of authority are ample to sustain the rules that in proceedings of the type at bar, the court will not substitute its judgment for that of the board, and will not interfere with the exercise of such judgment where the record discloses a basis therefor. (*Matter of Calcagno* v. *Town Bd. of Webster,* 265 App. Div. 687, affd. 291 N. Y. 701; *Matter of Levy* v. *Board of Stds. & Appeals,* 267 N. Y. 347; *People ex rel. Hudson-Harlem Title & Mtge. Co.* v. *Walker,* 282 N. Y. 400.)

The following allegations appear in the petition: That the town of Brighton contains only one church of petitioners' denomination and it is inconveniently located as respects worshippers in the eastern section of the town and is inadequate to accommodate such worshippers; that there is only one parochial school in the township and this is inconveniently located and inadequate; that the only suitable property for a new parish, church and school is the one in question; that the substantial majority of the entire area of the town of Brighton is located in Class A, B or C residential districts; that there is no suitable area except in Class A, B or C residential districts.

In the opinion of this court these allegations do not show the acts of the various boards in the town of Brighton to be arbitrary and capricious in that they denied the petitioners a permit to build in a residential Class A area which is restricted as hereinbefore stated. Petitioners incorporate by reference all the proceedings at the hearings before the planning board and zoning board of appeals. There is nothing appearing in the minutes of these hearings that would indicate that these boards acted arbitrarily or contrary to law. (*Rodgers* v. *Village of Tarrytown,* 302 N. Y. 115; *Teschner* v. *Town of Pittsford,* 129 N. Y. S. 2d 803.)

With reference to the motion to strike, it does not appear that respondents are prejudiced by the inclusion of the allegations in the petitions sought to be stricken. The motion to strike out certain allegations of the pleadings as immaterial, improper or conclusory is denied. (*Giessler* v. *Accurate Brass Co.,* 271 App. Div. 980, motion for leave to appeal dismissed, 296 N. Y. 1003.)

Petitioners seem to contend that since the increased denominational population requires additional church and school facilities in Brighton, the boards should, *ipso facto,* grant the necessary permits. To concur with this theory would be to give the

churches of all denominations priority over the State, regardless of the rights and privileges of citizens generally. This was neither the purpose nor intent of the law authorizing zoning restrictions in municipalities. Despite the urgency of the expansion of petitioners' physical equipment in Brighton, it does not follow that the plan and purpose of zoning provisions must be automatically subordinated or eliminated to permit churches or schools in zoned areas. Such provisions and requirements seldom permit the erection of churches *and* schools, with accessory playgrounds and parking areas as in the instant case, with the resultant disruption of the quiet and peace of residents who have made substantial investments in homes, secure in the protection of zoning ordinances.

While no one can deny that churches and schools promote the general welfare and good morals of every community, it is equally true that every type of edifice in a community must be erected in its proper area in order to promote the best interests of all citizens. In our nation we are proud that government agencies do not eliminate those worthy institutions which shall forever be free, but merely regulate the areas in which they shall be constructed and maintained. Without such regulations, the result would be disorder and chaos, particularly in more populous communities such as Brighton. Our narrow, traffic-laden streets testify too eloquently to the failure of our earlier Legislatures to enact regulatory laws in these and kindred matters.

The decision of the board did not deny to petitioners the right to erect a church and school with accessory uses, but denied petitioners' request to locate the edifice at the precise area sought.

Petitioners' attempt to draw an analogy between the right of public authorities to establish a public school unrestricted by local zoning ordinances, and the alleged obligation by the zoning authorities to permit the erection of a private school. There is a vast distinction in these two undertakings, so apparent that it requires no argument or research.

It is apparent from the study of the appropriate provisions of the ordinances that churches and schools may be established throughout the township of Brighton as a matter of right, excepting in an " A " zone, and also in an " A " zone if the petition is approved by the planning board.

This court has examined with care all records of proceedings before the boards, with documents and instruments relating thereto, and concludes that the decision to reject the application for a permit to erect a church, a school, several playgrounds,

and a large parking area in a Class A residential district is a proper and legal exercise of discretionary powers, neither arbitrary, capricious nor contrary to law. Since the record of proceedings before the boards is voluminous and complete, no trial of the alleged issues is required. (*Matter of Reed* v. *Board of Stds. & Appeals,* 255 N. Y. 126; *Matter of Levy* v. *Board of Stds. & Appeals, supra.*)

The petition is dismissed and the decision of the planning board, the board of appeals and the town board of the Town of Brighton is affirmed.

Submit order.