In the Matter of John S. Cunningham, Respondent-Appellant, against Planning Board of the Town of Brighton et al., Appellants-Respondents.

Fourth Department, July 12, 1957.

314

*George J. Shinnick* for respondent-appellant.

*Andrew L. Gilman* and *Harold S. Coyle* for appellants-respondents.

GOLDMAN, J. These are cross appeals from an order of Monroe County Special Term which directed, pursuant to article 78 of the Civil Practice Act and section 267 of the Town

Law, the issuance of a temporary permit to operate a filling station and at the same time denied a variance from the provisions of the zoning ordinance of the Town of Brighton. The respondent-appellant, John S. Cunningham, (hereinafter called " petitioner ") seeks to review the determinations of the Brighton Town Board, Planning Board, Board of Appeals, and the individuals comprising those boards (hereinafter called " respondents "), denying his application to convert his property to a filling station use. Before discussing what has transpired heretofore, it is necessary to examine briefly the relevant provisions of the town ordinance.

The town is zoned into residential, commercial, industrial and agricultural districts. By section 5 " industry " is defined to mean and include " motor vehicle supply stations ". Section 33 sets forth what uses may be made of land in a commercial district, but makes no provision for filling stations. Consequently, a filling station is a prohibited use in the commercial district in which petitioner's property is located.

However, section 16 makes the following provision: " The Planning Board may *with the approval of the Town Board* on special application issue a temporary permit for a term not to exceed five years for the operation of an airport or the operation of a motor vehicle supply station in a commercial district " (italics added). It is significant to note that the Town Board has reserved the power to approve a change of use in only four situations, viz: billboards (§ 15), public garages (§ 33, subd. [3]), filling stations and airports (§ 16).

The Planning Board is vested with the powers and duties of the Board of Appeals as set forth in section 267 of the Town Law, and " any determination of the Planning Board may be reviewed by the Town Board " (Zoning Ordinance, §§ 50, 53). Included in the powers of the Planning Board, sitting as a Board of Appeals, is the power to grant variances pursuant to subdivision 5 of section 267 of the Town Law.

In the light of this statutory scheme let us examine the facts. In 1948 petitioner purchased vacant lots on the northeast corner of the intersection of Monroe Avenue and Orchard Drive in the town of Brighton. Prior to the date of acquisition, and ever since, this property, as fixed by the zoning ordinance, was part of a commercial district for a distance of 150 feet east of and parallel with Monroe Avenue. Immediately upon securing title petitioner sought to dispose of the lots for use as a gasoline station. He ultimately entered into an agreement to sell the commercial area of the lot, except for 13 feet at the rear, to a gasoline distributor, conditioned, however, upon peti-

tioner's ability to secure a permit for the erection and maintenance of a filling station. ·

Petitioner duly applied for a temporary permit. Pursuant to the ordinance, notice that a hearing was to be held was given to approximately 100 owners of property within 500 feet of the proposed site and a public hearing before the Planning Board was held on January 5, 1954. At that meeting, petitioner's attorney stated that he was seeking a permit and: "If it is necessary to ask for a variance, I will do so. If it is necessary in order to get a permit for a gasoline station, I will ask for a variance * * * I am not asking for any variance." Petitioner's attorney then summarized the difficulties experienced in attempting to dispose of the lots due to their size and irregular shape. The consents of neighboring owners were noted and the protests of others heard. The Planning Board agreed to accept affidavits in lieu of testimony on the questions of petitioner's efforts to sell the property, the inoffensive nature of gas stations and the possible increase in traffic hazard.

The Planning Board, by decision dated August 3, 1954, but apparently not released until the following December, denied petitioner's request for a temporary permit. It stated, in five categories, its reasons for the denial. Among the reasons given was that the operation of a filling station would "constitute a nuisance to area property owners by reason of * * * possible fire hazard".

After learning of the decision, but before receiving a copy thereof, petitioner filed an omnibus document seeking both an appeal to the Town Board and a determination that the application be reopened to take testimony on the issuance of a permit based upon hardship. At a meeting of the Town Board petitioner's attorney appeared and argued for the approval of the application. Thereafter the Town Board made its determination upholding the action of the Planning Board.

Petitioner then commenced this action seeking to review respondents' determination in an article 78 proceeding. The matter was referred to an Official Referee to hear and report on all the issues. In anticipation of the reference, the parties stipulated that the proceeding "may be heard * * * in the same manner and with the same effect as though (a) petitioner had * * * applied for a variance * * * and (b) all evidence * * * received * * * in this proceeding had been offered before and received * * * before the Board of Appeals on petitioner's application for a variance [and] * * * that the Board of Appeals * * * having before it all the evidence which was offered before the Planning

Board and is offered * * * in this proceeding, denied the application ".

More than 20 witnesses were heard by the Referee who reported that petitioner was entitled to both a temporary permit and a variance. Special Term directed the issuance of the permit, but denied the variance on the ground of "self-created" hardship.

From the record it appears that the question of a variance was never properly before the Special Term. At the time of the hearing before the Planning Board in January, 1954 petitioner was seeking only a temporary permit. The statement of his attorney to the effect that he would apply for a variance if it was necessary cannot be construed to be anything more than a declaration of intention. Though in subsequent affidavits and in his reply petitioner asserts he was asking for a variance the record does not justify a finding to that effect.

Nor is the failure to seek a variance before the Board of Appeals cured by the stipulation of the parties. The Board of Appeals is vested with power to vary the terms of the ordinance by virtue of section 267 of the Town Law, yet no application for a variance was in fact made. Though subdivision 7 of section 267 gives Special Term broad powers to take evidence, make findings and dispose of a cause on the merits, we are of the opinion that such powers are incident only to the duty of the court to review a contested determination. An interesting discussion of a statute quite analogous to the one at bar is contained in *People ex rel. St. Albans-Springfield Corp.* v. *Connell* (257 N. Y. 73, 80) enunciating the well-settled principle that the parties cannot by stipulation, or otherwise, confer upon a reviewing court a power which section 267 clearly vests in the board of appeals and nowhere else. The following statement by the Court of Appeals in *People ex rel. Hudson-Harlem & Co.* v. *Walker* (282 N. Y. 400, 405) seems determinative of the situation at bar: "Although authorized to take testimony, the power of the Special Term was limited by the statute to reverse or affirm, wholly or partly, or to modify the decision brought up for review. No authority was conferred to try the issue of a right to a variance of the zoning ordinance *de novo* or to substitute its judgment on the merits for that of the board. It is urged that the stipulation of the parties was broad enough to confer such jurisdiction on the Special Term. Jurisdiction cannot, however, be stipulated beyond limits which the Legislature has specifically fixed." (Also, see, *Matter of Rubel Corp.* v. *Murdock,* 255 App. Div. 224, affd. 280 N. Y. 839; *Matter of Calcagno* v. *Town Bd. of Webster,* 265 App. Div.

687, affd. 291 N. Y. 701; *Matter of Del Vecchio* v. *Tuomey,* 283 App. Div. 955.)

Consequently, the proceeding insofar as it relates to the variance should be dismissed for lack of jurisdiction. Petitioner never having applied for a variance, and the Board of Appeals never having rendered a decision on the question, the courts are powerless to act on this question. Properly subject to review, however, are the decisions of the Planning Board and Town Board denying the application for a temporary permit. We are of the opinion that the Referee, as confirmed by Special Term, misconceived the function of the Town Board on such an application.

It has been noted that under section 16 of the Brighton ordinance, the Town Board reserved the right to approve temporary permits of the type sought. In this respect, the ordinance is identical, in effect, to the ordinance construed in *Green Point Sav. Bank* v. *Board of Zoning Appeals of Town of Hempstead* (281 N. Y. 534, 537) to be a valid reservation of legislative power by the local legislative body. The Town Board has reserved a similar power of approval over three other types of activity, all of which by their very nature are proper subjects of legislative control. In view of the legislative nature of the action taken by the Town Board, we inquire only whether their determination had a reasonable relation to public health, safety or welfare. (See *Matter of Small* v. *Moss,* 279 N. Y. 288, 295; *Matter of Larkin* v. *Schwab,* 242 N. Y. 330, 334–336.) Thus our review presents a question not different in principle from review of the zoning ordinance itself.

It has been said: " A gasoline service station necessarily involves the storage and use of gasoline and oil, which are so highly inflammable and explosive that they increase the danger of fire no matter how carefully planned are the governmental regulations and supervision. Although needed and lawful buildings, their character is such that regulation as to the place of erection and the use is well within settled principles of the police power." (*Green Point Sav. Bank* v. *Board of Zoning Appeals of Town of Hempstead, supra,* p. 538.) The Planning and Town Boards knew that the proposed filling station was to be located in a highly populated area. The lot in question, though zoned commercial, bordered on a residential area, and from the minutes of the initial hearing it appeared that approximately 100 persons owned property within 500 feet of the site. The Planning Board having reasoned that the additional fire hazard involved would be detrimental to neighboring premises, we cannot find the withholding of the Town

Board's approval to be beyond the reasonable limits of the police power. Certainly it cannot be said that such a decision was " arbitrary, capricious and discriminatory ".

Nor would it seem necessary for respondents to introduce testimony on the question of the fire hazard involved. (See *Green Point Sav. Bank* v. *Board of Zoning Appeals of Town of Hempstead, supra; Standard Oil Co.* v. *Marysville,* 279 U. S. 582, 584.) The burden was on petitioner to show that the action of the Town Board is " not justified under the police power by any reasonable interpretation of the facts ". (See *Congregation Beth Israel* v. *Board of Estimate of City of New York,* 285 App. Div. 629, 634, quoting from *Shepard* v. *Village of Skaneateles,* 300 N. Y. 115, 118.) In our opinion petitioner has not sustained this burden. Petitioner swore only one witness before the Referee on the question of fire hazard, and his testimony was inconclusive, if not irrelevant.

Consequently, the order of Special Term directing the issuance of a permit should be reversed on the law and the determination of the Town Board affirmed. Insofar as this proceeding relates to a variance it should be dismissed for lack of jurisdiction, without prejudice to the petitioner to make such further application for a variance as he may be advised.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Williams and Goldman, JJ.

Order of the Special Term insofar as it annulled and set aside the action of the Planning Board and the Town Board of the Town of Brighton and directed the issuance of a permit, reversed on the law, without costs of this appeal to any party, and determination of the Planning Board and the Town Board of the Town of Brighton confirmed; and the appeal and proceeding insofar as it relates to the variance dismissed for lack of jurisdiction, and that part of the order vacated, without prejudice to the petitioner to make such further application for a variance as he may be advised.