Mario Pittoni, J.
The petitioner brings this proceeding, pursuant to article 78 of the Civil Practice Act, to review an adverse determination made by the Hempstead Town Board after a public hearing. He had requested a permit to install gasoline storage tanks in accordance with the flammable materials ordinance, and to use the premises as a gasoline filling station as a special exception under section X-1.9 of article 7 of the Town Building Zone Ordinance. The petition stated that the premises would be used to maintain one 4,000-gallon, two 3,000-gallon, and one 2,000-gallon gasoline storage tanks, and also a 550-gallon waste oil tank.
The subject parcel lies in a business district on the west side of Gardiners Avenue, 1,659.79 feet south of Hempstead-Bethpage Turnpike, Levittown. It is near various stores, tire shops, body and fender shops and new and used car agencies; and is located on the south end of an area, also owned by the petitioner, where there is a well-developed shopping center. Gardiners Avenue is a fairly well-travelled street which comprises three lanes. On the other side of Gardiners Avenue, that is, to the east of the shopping center and of the subject property, the area is improved solely by one-family residential structures.
Pursuant to section X-l, the business district in which the subject property is located may be used or occupied for many different business structures. It would clutter up this decision *650 to mention all of them; however, a few should be mentioned for illustrative purposes. Buildings thereon may be occupied for greenhouses, offices, banks, stores, restaurants, electrical shops, plumbing shops, laundries, and many others (§§ X-1.3, X-2.14).
At the hearing before this court a real estate expert on behalf of the petitioner testified that in his opinion the highest and best use of the property is a gasoline filling station; however, he did admit that the property can be used for other business purposes. He stated further that the one-family homes across the street have depreciated in value to a certain extent because of the petitioner’s shopping center, but that the proposed gasoline filling station would not depreciate the value of the residential properties any further.
The court takes judicial notice of the fact that no matter how great. the precautions taken by the operators of such filling stations, gasoline is still a flammable, combustible, explosive material, and that the burning or explosion of even one of these gasoline storage tanks could be catastrophic to the surrounding area.
Without quesion the zoning of this area and the refusal to make a special exception in this case in favor of the petitioner are legislative in character. Therefore, the burden of showing that the action of the board was not justified by any reasonable interpretation of the facts rests upon the petitioner (Rodgers v. Village of Tarrytown, 302 N. Y. 115; Matter of Cunningham, v. Planning Bd. of Town of Brighton, 4 A D 2d 313). In fact, the Court of Appeals has recently reiterated this principle by saying that the burden of proof is upon the assailant of the ordinance beyond a reasonable doubt (Wiggins v. Town of Somers, 4 N Y 2d 215, 218, 219). The fact that the legislative body, in this case the Town Board, may under the ordinance from time to time exercise its discretion in respect to gasoline filling stations, does not make such action nonlegislative. “ That it called for separate legislative authorization for each project presents no obstacle or drawback — and so we have already held.” (Rodgers v. Village of Tarrytown, 302 N. Y. 115, 122, supra; Nappi v. La Guardia, 184 Misc. 775, 781, affd. 269 App. Div. 693, affd. 295 N. Y. 652.)
It is clear that the Town Board knew that the proposed gasoline filling station was to be located in a plot which, though zoned business, bordered on a residential area. In view of the fire and explosive hazard involved, this court cannot find the withholding of the Town Board’s approval to be beyond the reasonable limits of the police power. Certainly, it cannot be said by this court that such a decision was arbitrary or dis *651 criminatory. Whether this court would have made the same decision is not the issue; nor was it necessary for the Town Board to introduce evidence on the question of the fire" or explosive hazard involved. That is a matter which can still be judicially noticed.
The fact, as testified to by the petitioner’s real estate expert, that the highest use to which the property can be put is a gasoline filling station is insufficient to overcome the presumption in favor of the constitutionality of the legislative action in this case. The due process clauses of the Constitutions do not require legislative bodies to permit the highest financial use of property involved. This is particularly true when a flammable or explosive hazard counterbalances the claimed monetary return to the landowner. As the Court of Appeals has said: “While hardships may be imposed on this or that owner, ‘ cardinal is the principle that what is best for the body politic in the long run must prevail over the interests of particular individuals. ’ ” (Rodgers v. Village of Tarrytown, 302 N. Y. 115, 126, supra.)
Therefore, to repeat, the burden was on the petitioner to establish that this legislative action by the Town Board was not justified by any reasonable interpretation of the facts, and that the action was therefore unconstitutional. That burden has not been sustained.
The petition is dismissed. This is the decision of the court pursuant to section 440 of the Civil Practice Act.
Submit order on notice.