Mario Pittoni, J.
This is an article 78 proceeding to review the October 14, 1958 determination of the Town Board which denied the petitioner’s application for a special exception — per *257 mission for the erection of garden type apartments on its property in Woodbury, Town of Oyster Bay. The subject property is located in a Business G ’’ district. Under article IX of the town’s Zoning Ordinance many lawful business uses are permitted in Business G ” districts; and under article 2-a multiple dwellings and garden apartments are permitted in Business G ” districts when approved by the Town Board as a special exception, after a public hearing. ’ ’
After a public hearing on September 9, 1958 the board unanimously denied the application on October 14,1958. The reasons stated by the board were ‘ ‘ that the proposed erection * * * would result in an undue concentration of population for which there would be inadequate recreational provisions made on the property, that the subject premises are located a substantial distance from any means of public transportation, and that while the provision of 105 parking spaces would in theory provide 100% parking for the occupants of the apartments, it would not be adequate * * * etc.; this board further finds that the proposed use of the property would not tend to encourage the most advantageous use of the subject premises or of property in the immediate vicinity which is of a similar nature. ’ ’
The petitioner has shown how some of the neighboring properties are used for business purposes that are not attractive and would not be adversely affected by the erection of garden type apartments. It also argues that there is a need for such apartments in the area. But the board unanimously thought and decided otherwise. The petitioner argues that it has or can supply sufficient recreational facilities. Again the board unanimously thought and decided otherwise. The petitioner claims that the need for public transportation in that area is practically nonexistent. Yet the board felt there was such a need. As for the sufficiency of the parking spaces, the petitioner and the unanimous board again just plainly disagree.
As the board seems to point out in rather inartistic language near the end of its reasons, it feels it best to keep business zones for business purposes and residential zones for residential purposes. It desires to hold fast to planned zoning as much as it can.
Whether we call the action of the Town Board in this case legislative (Matter of Tartasky v. Larkin, 13 Misc 2d 648; Rodgers v. Village of Tarrytown, 302 N. Y. 115; Matter of Cunningham v. Planning Bd. of Town of Brighton, 4 AD 2d 313), and apply the legislative test in respect to the heavy burden of proof on the petitioner (Matter of Tartasky v. Larkin, supra; Rodgers v. Village of Tarrytown, supra; Matter of Cunningham v. Planning Bd. of Town of Brighton, supra; Wiggins v. Town *258 of Somers, 4 N Y 2d 215, 218, 219), or call the board’s action administrative, and apply a less stringent test as to burden of proof, and say that if the validity of the board’s action is fairly debatable the judgment of the board is conclusive and beyond interference by the courts, the answer is the same. The petitioner has failed to show that the board’s action and reasons therefor were arbitrary, capricious and unreasonable.
Furthermore, the fact that the petitioner, in his opinion, can put his property to a better use by building garden apartments instead of business structures as required in “ Business Gr ” districts is not enough to overcome the presumption of constitutionality of the board’s action. The due process clauses of the Constitutions do not require the highest financial use of the property involved; and as the Court of Appeals has said: ‘ ‘ While hardships may be imposed on this or that owner, ‘ cardinal is the principle that what is best for the body politic in the long run must prevail over the interests of particular individuals.’” (Rodgers v. Village of Tarrytown, 302 N. Y. 115, 126.)
The petition is dismissed. Submit order.