Mario Pittoni, J.
This is a petition pursuant to article 78 of the Civil Practice Act to review an adverse determination made by the respondent, the Town Board of the Town of Hempstead, after a public hearing. The petitioner requested certain permits to install gasoline storage tanks in accordance with the Flammable Materials Ordinance, and to use the premises as a gasoline filling station as a special exception under sections X-l.Q and 1.9 of article 7 of the town’s Building Zone Ordinance.
The petition stated, among other things, that the premises would be used to maintain five 3,000-gallon gasoline storage tanks, and also a 550-gallon waste oil tank.
The property is located in a business district on the southwest corner of Woodfield Road and Oakford Street, West Hempstead, but in an area which is predominantly residential. It may be used and occupied, under the ordinance, for many businesses and business structures, too many in number to mention now.
*380 At the hearing before the Town Board, Robert Smith, a real estate and fire insurance expert, testified, among other things, that the erection of a gasoline station on the subject property would not be detrimental to public health, safety and welfare; would not entail more fumes, noise, night lights and traffic hazards; and that it would not create a greater fire hazard. He also testified that the subject property could be used for other business purposes.
However, by resolution dated December 2, 1958, the Town Board denied the application, and stated that the principal reason for the denial was that the Town Board determined that the installation and maintenance of five 3,000-gallon gasoline storage tanks and one 500-gallon waste oil tank would cause too great a concentration of flammable materials in a small area surrounded by residential structures and that the board determined that the granting of the application would be dangerous to the public safety.
The precise question involved herein was passed upon by this court in Matter of Tartasky v. Larkin (13 Misc 2d 648, 650). In that case this court stated as follows:
‘1 At the hearing before this court a real estate expert on behalf of the petitioner testified that in his opinion the highest and best use of the property is a gasoline filling station; however, he did admit that the property can be used for other business purposes. He stated further that the one-family homes across the street have depreciated in value to a certain extent because of the petitioner’s shopping center, but that the proposed gasoline filling station would not depreciate the value of the residential properties any further.
“ The court takes judicial notice of the fact that no matter how great the precautions taken by the operators of such filling stations, gasoline is still a flammable, combustible, explosive material, and that the burning or explosion of even one of these gasoline storage tanks could be catastrophic to the surrounding area.
‘ ‘ Without question the zoning of this area and the refusal to make a special exception in this case in favor of the petitioner are legislative in character. Therefore, the burden of showing that the action of the board was not justified by any reasonable interpretation of the facts rests upon the petitioner (Rodgers v. Village of Tarrytown, 302 N. Y. 115; Matter of Cunningham v. Planning Bd. of Town of Brighton, 4 A D 2d 313). In fact, the Court of Appeals has recently reiterated this principle by saying that the burden of proof is upon the assailant of the ordinance *381 beyond a reasonable doubt (Wiggins v. Town of Somers, 4 N Y 2d 215, 218, 219). The fact that the legislative body, in this case the Town Board, may under the ordinance from time to time exercise its discretion in respect to gasoline filling stations, does not make such action nonlegislative. 1 That it called for separate legislative authorization for each project presents no obstacle or drawback — and so we have already held. ’ (Rodgers v. Village of Tarrytown, 302 N. Y. 115, 122, supra; Nappi v. La Guardia, 184 Misc. 775, 781, affd. 269 App. Div. 693, affd. 295 N. Y. 652.)
“ It is clear that the Town Board knew that the proposed gasoline filling station was to be located in a plot which, though zoned business, bordered on a residential area. In view of the fire and explosive hazard involved, this court cannot find the withholding of the Town Board’s approval to be beyond the reasonable limits of the police power. Certainly, it cannot be said by this court that such a decision was arbitrary or discriminatory. Whether this court would have made the same decision is not the issue; nor was it necessary for the Town Board to introduce evidence on the question of the fire or explosive hazard involved. That is a matter which can still be judicially noticed.
“ The fact, as testified to by the petitioner’s real estate expert, that the highest use to which the property can be put is a gasoline filling station is insufficient to overcome the presumption in favor of the constitutionality of the legislative action in this case. The due process clauses of the Constitutions do not require legislative bodies to permit the highest financial use of property involved. This is particularly true when a flammable or explosive hazard counterbalances the claimed monetary return to the landowner. As the Court of Appeals has said: ‘ While hardships may be imposed on this or that owner, “ cardinal is the principle that what is best for the body politic in the long run must prevail over the interests of particular individuals.” ’ (Rodgers v. Village of Tarrytown, 302 N. Y. 115, 126, supra.)
“ Therefore, to repeat, the burden was on the petitioner to establish that this legislative action by the Town Board was not justified by any reasonable interpretation of the facts, and that the action was therefore unconstitutional. That burden has not been sustained.”
Matter of Rothstein v. County Operating Corp. (6 N Y 2d 728) is not to the contrary. Although some Judges have attempted to interpret the Rothstein case as holding that special exceptions statutes command administrative action on the part of Town Boards, I can find no such holding or interpretation therein. It *382 merely reaffirms the law, as previously understood, that these matters are reviewable in article 78 proceedings. (See Matter of Cunningham v. Planning Bd., 4 AD 2d 313, 318; Greenpoint Sav. Bank v. Board of Zoning Appeals, 281 N. Y. 534, 537.) The petition is dismissed. Submit order.