Daniel J. O’Mara, J.
The petitioner filed an application with the Zoning Board of Appeals of the City of Rochester, New York for permission to erect a three-story brick addition to an existing structure to be used in conjunction with an existing nursing home, with parking requirement modification, on premises located at 1290 Lake Avenue in an R-2 Residential District.
The application for the issuance of a permit for the erection of the building in question to be used as a convalescent or nursing home was presented pursuant to a special exception provision contained in the Zoning Ordinance and which reads as follows: “ A use, not usually or ordinarily permitted within a district, which may be authorized by the Board, provided such use will serve the public convenience and welfare in accordance with general or specific conditions and safeguards therein contained and any additional conditions and safeguards which may be imposed by the Board to protect the appropriate use of neighboring property.”
The application for the issuance of a permit for the erection of the building under the special exception provision is dated September 22, 1959 and it appears that on or about October 14, 1954 the Board of Appeals granted petitioner’s application for a special exception to operate and maintain a nursing or convalescent home at the same premises, apparently with the understanding that the capacity of the home was not to exceed 45 beds. If the present application were to be granted, the capacity of the home would be increased to approximately 130 beds.
As a result of a hearing held by the board, the application for the issuance of the required permit was denied, and the board in its “Findings of Fact” enumerated specific and definite reasons for its refusal to grant the permit. It appears *585 from the said findings that the members of the board made a personal inspection of the premises in question and noted that the convalescent or nursing home operated by the petitioner is located in an area of “ very fine private residences The board further found that in its opinion the proposed increase in facilities of the home would not serve the public convenience and welfare, nor be in harmony with the general purpose and intent of the Zoning Ordinance, so that the spirit of the ordinance would be observed, public safety and welfare secured, and substantial justice done. The board further found that the granting of the requested special exception would result in a much larger facility than is warranted by the residential character of the neighborhood and would cause an overcrowding of the lot area, and would completely alter the appearance of the present building so as to give it the appearance of an institution rather than a private residence.
The board further found that the parking plan of the proposed additional use sets forth a blacktop area for the parking of 16 ears about 8 feet from the Seneca Parkway lot line located on the southerly side of the premises, and that said parking plan would constitute a violation of section 91-170 2c of the Zoning Ordinance. It is not believed that this violation would in and of itself justify the action taken by the board, but it presents a practical difficulty for possible solution before the permit could be granted.
The board further concluded that the general residential character of the neighborhood in which the present home is located would be adversely affected by the erection of the proposed addition, and the board finally concluded that its denial to grant the special exception applied for was consistent with the public health, morals, safety and general welfare, and in harmony with the general purpose and intent of the Zoning Ordinance, and results in substantial justice.
It will be seen from the above-mentioned findings of the board that it had in mind the general purpose and intent of the Zoning-Ordinance, which is to promote the public health, safety, morals and general welfare of the City of Rochester; that the board analyzed and considered the effect upon the neighborhood in question by the erection of the proposed building and came to the conclusion that to grant a permit for the erection of the proposed building would be contrary to the general intent and purpose of the Zoning Ordinance.
The granting or the withholding of such a permit as is asked for here is a matter peculiarly within the discretion *586 of the Zoning Board of Appeals. The court may not substitute its judgment for that of the board, and may not set aside the determination of the board unless it clearly appears that the-board’s action was arbitrary and unreasonable. (See Matter of Calcagno v. Town Bd. of Webster, 265 App. Div. 687, affd. 291 N. Y. 701.) The court cannot make a determination de novo or substitute its judgment for that of the board, and it may not set aside the judgment of the board unless it clearly appears to be arbitrary or contrary to law. (People ex rel. Hudson-Harlem Co. v. Walker, 282 N. Y. 400.)
It cannot be said, based upon the evidence before the board, that its refusal to issue the requested permit was an abuse of its discretion, nor can it be said that its determination was arbitrary, capricious or contrary to law. A reading of the decisions of our appellate courts clearly indicates that a determination of an administrative agency, having in mind the facts in this case, should be set aside only in the event that no reasonable person could possibly have arrived at the agency’s determination.
The decision of the Zoning Board of Appeals denying the application for the issuance of the required permit is hereby confirmed. Submit order accordingly.