Mario Pittoni, J.
The petitioners have brought this article 78 proceeding for an order annulling the determination of. the Town Board dated May 16, 1961 and for an order directing the town to- issue permission to the petitioners to - erect a pitch-putt golf course and- a miniature golf course on the subject property.
At the hearing held on February 14, 1961, the only objectors and their objections were as follows: (1) Jacob Gelman, representing Farmers’ Market, a-long-time business competitor of *367 one of the petitioners, who objected to the possible intrusion into his property by wayward golf balls; however, he said that he would be satisfied by a range protective screen or fence; (2)..David Lopez,- a rival motel owner, who objected to the petitioners’ proposed motel — of course, no denial could be based on this objection; motels are specifically allowed in the area by the zoning ordinance (art. X, § H-l-2.; art. IX, § G-l-4; art. VIII, § F-l-4.); (3) Peter Corte, owner of a restaurant on the adjoining property, who objected to the petitioners’ proposed restaurant; but restaurants too are specifically permitted by the zoning ordinance (art. X, § H-l-2.; art. IX, §§ G-l-4, 7; art. VIII, § F-l-4.). And, of course, as far as objectors Lopez ■and.Corte are concerned, the. board would have no legal right to exercise. its discretion to stifle business competition by the petitioners merely for the benefit of another individual; and (4) Harry Broadwin whose sole objection to thó proposed golf course was that sometime previously he had been discouraged by some unidentified persons from setting up an amusement park, golf course or apartment house on a 10-aere plot in that area. This summarizes all the objectors and their objections. Not one was concerned with or stated anything about increased traffic congestion; yet the board denied the whole application for the motel, restaurant and the pitch-putt and miniature golf courses.
The pertinent parts of the Town Board’s determination are as follows: “it appears from the relevant facts and circumstances, adduced at the said hearing that Broadway is a heavily traveled state highway constituting the main artery extending through the entire length of the township connecting the south shore with the north shore; that of all the entire length of this highway, this precise point is perhaps the most heavily congested portion by reason of the combination of a number of circumstances, including the presence of the immense Grumman Aircraft plant directly across the highway from the subject premises, and of the Nassau Farmers Market immediately to the north of the subject premises, both of which generate large volumes of traffic; that the nature of the intended use as a combined pitch-putt and miniature golf courses and other facilities, is such as to partake of the character of an amusement center, which if successful, would attract such additional volumes of traffic as to compound the already existing problem of congestion.”
The board claims to have the right to refuse the application on the ground that it has discretion to refuse or allow as a special exception, after a public hearing, under, the town’s *368 zoning ordinance. . That is because the subject property is located in an “ H ” industrial district and the zoning ordinance in respect to such an industrial district allows “ a use permitted in a business district ” (art. X, § H-l-2) and permits thereunder “ golf ranges, batting ranges * * * and other similar recreational uses, when permitted by the Town Board, as a special exception, after a public hearing ” (art. IX, § G-l-18a, pertaining to business districts) (emphasis added).
The town’s brief says that “ if there be one valid reason for a denial the decision of the Town Board would have to be upheld. In the instant case the decision is reasonably supported by the evidence What evidence? There is none. The only part of the hearing minutes where traffic congestion is mentioned is around page 25, and there the emphasis is on the congestion caused at certain times by the Grumman factory employees and by Gelman’s Farmers’ Market customers. The Town Board cannot seriously contend that certain property owners in the area may cause traffic congestion but that other property owners may not add to it. That would not be consistent with the Federal constitutional principle of equal protection. Furthermore, the Town Board cannot take the position that the petitioners may use their property only for an enterprise which causes no vehicle to come and go in the area. That would be a deprivation of such a reasonable use of their property as to be an unconstitutional deprivation of property. In short, there is not a scintilla of evidence in the record to show how a chip-putt or miniature golf course would add any more to traffic congestion than any other permitted use or enterprise.
Here are some of the uses permitted under the ordinance for which no special exception need be sought: churches, hotels, inns, restaurants, schools and colleges, retail and wholesale shops and stores, bowling alleys, banks, theatres, commercial bathhouses, motor vehicle salesrooms, public garages, places of amusement, dry-cleaning plants, laundries, dairies, motor vehicle repair shops and car-wash shops (art. VIII “ F ” business district; art. IX “ G ” business district; art. X “ II ” industrial district). How can a pitch-putt or miniature golf course “ attract such additional volumes of traffic as to compound the already existing problem of congestion ’ ’ ? There is not a single statement nor any evidence to show this, nor to show that the planned enterprise would cause any greater congestion than any other permitted use mentioned above, or any other use at all.
The Town Board quotes from Matter of Peck Holding Corp. v. Burns (16 Misc 2d 256, 257-258), as follows: “ Whether we call the action of the Town Board in this case legislative (Matter *369 of Tartasky v. Larkin, 13 Misc 2d 648; Rodgers v. Village of Tarrytown, 302 N. Y. 115; Matter of Cunningham v. Planning Bd. of Town of Brighton, 4 A D 2d 313), and apply the legislative test in respect to the heavy burden of proof on the petitioner (Matter of Tartasky v. Larkin, supra; Rodgers v. Village of Tarrytown, supra; Matter of Cunningham v. Planning Bd. of Town of Brighton, supra; Wiggins v. Town of Somers, 4 N Y 2d 215, 218, 219), or call the board’s action administrative, and apply a less stringent test as to burden of proof, and say that if the validity of the board’s action is fairly debatable the judgment of the board is conclusive and beyond interference by the courts, the answer is the same. The petitioner has failed to show that the board’s action and reasons therefor were arbitrary, capricious and unreasonable.” The difference is that in the present case there is no evidence of any kind to sustain the Town Board’s determination. It is, therefore, clearly arbitrary and unreasonable. In Matter of Young Men’s Christian Assn. v. Burns (13 A D 2d 1009) the Appellate Division, Second Department, stated as follows: “In a proceeding under article 78 of the Civil Practice Act, to review and annul a determination of the Town Board of the Town of Oyster Bay denying petitioner’s application, under applicable provisions of the zoning ordinance, for a special exception * " * determination annulled and application granted. * * e The board’s determination was based in part on a finding that the proposed use would increase an already serious traffic problem in the Village of Bayville. * * * Since the board’s finding (that the proposed use would increase an already serious traffic problem) is without support in the record, their determination based thereon is unreasonable and arbitrary, and may not stand (Matter of Green Point Sav. Bank v. Board of Zoning Appeals of the Town of Hempstead, 281 N. Y. 534, 539; 1 N. Y. Jur., Administrative Law, § 184).”
The application is granted, the determination is annulled and the Town Board is directed to grant the permit requested therein.