William R. Geiler, J.
Petitioner brings this proceeding pursuant to article 78 of the CPLR to review and annul the decision of the respondent Zoning Board denying his application to use *67 a municipal parking lot to satisfy the off-street parking requirements of the Town of Huntington Building Zone Ordinance.
Petitioner is the owner of a parcel of land situated on Main Street, Cold Spring Harbor, in the Town of Huntington. On the parcel is situated a building consisting of two floors. The ground floor has been used for retail purposes and the second floor has been used for storage and residential purposes. The premises have been zoned * ‘ General Business ’ ’ since the adoption of the Zoning Ordinance.
The residential use, by a Town Ordinance, has become a nonconforming use since 1960.
In February, 1967 petitioner applied for a building permit in order to convert the second floor for retail purposes. The application for the building permit was denied on the ground that the proposed change of the second floor use constituted an intensification of the business use and therefore came within the scope of an ordinance adopted in June of 1966 requiring off-street parking.
Petitioner, since there is no open space where automobiles could be parked on the property, applied to the Zoning Board of Appeals for permission to use the municipal parking lot about 250 feet away to satisfy the off-street parking requirements in accordance with the Zoning Ordinance.
The respondent denied the application on the ground that the municipal lot is generally full and the petitioner failed to show hardship.
The court is presented with the unusual proposition of the right of a landowner to convert a nonconforming use to a conforming use.
A use of land which lawfully existed prior to the enactment of a zoning ordinance, and which is maintained after the effective date of the ordinance although it does not comply with use restrictions applicable to the area in which it is situated, is commonly referred to as a “ nonconforming use ” (Bhyne, Municipal Law, § 32-26 (1957).
The court is cognizant that uses of land which do not conform to the zoning ordinances of a community have been a source of deep concern and frustration to legislative and town planners as well as the subject matter of much litigation.
It has been the policy of this State that nonconforming uses should be abolished whenever possible. This policy is enunciated in one of the leading cases in the State of New York on nonconformity, Matter of Harbison v. City of Buffalo (4 N Y 2d *68 553, 559-560), in which the Court of Appeals said “ the policy of zoning embraces the concept of the ultimate elimination of nonconforming uses ’ ’.
In addition to the afore-mentioned public policy of the State of New York, it has been the policy of the Town Board of Huntington that residential uses in General Business District ■should be eliminated. This is evidenced by the legislation enacted on November 22, 1960 eliminating such uses.
It is elementary that zoning ordinances should be construed in a manner which will carry out and not defeat the public policy of a governmental subdivision.
Justice Hoolbt, in citing McQuillin, Municipal Corporations (3d ed., vol. 8, § 25.189) in the case of Matter of Franmor Realty Corp. v. Le Boeuf (201 Misc. 220, 224, affd., 279 App. Div. 795, mot. for rearg. and app. den., 279 App. Div. 874) stated: “it must be borne in mind that the policy of the law is the gradual elimination of nonconforming uses and, accordingly, ordinances should not be given an interpretation which would permit an indefinite continuation of the nonconforming use.”
The respondent board has given the off-street ordinance an interpretation that would bar petitioner from ever conforming the second floor of his premises to a conforming use.
The argument advanced for denying petitioner’s application, that the municipal parking lot is already full is without validity. On March 10, 1967 in Mazoyer v. Horn involving the same off-street parking ordinance and the same respondent, Justice Cohalak of this court stated: “ In making its decision the Court deems it appropriate to call to the attention of the Board the citation of McQuillin on Municipal Corporations, Yol. 8, 3rd Edition-Revised, Sec. 25.141 a, p. 461: ‘ Off-street parking and access requirements. It has been held, however, that a parking lot may not be required to be provided, if the result is to interfere unreasonably with an owner’s right to put his land to a conforming use.’”, citing Denver v. Denver Buick (141 Col. 121).
The respondent’s decision in effect gives a monopoly to the municipal parking lot to those businesses that were there first, regardless of the fact that the lot was constructed under a municipal bond issue, amortized over a period of time together with interest on the bonds, for which petitioner, and all other taxpayers in the town are paying. In effect, the respondent has stated that since the other businesses were there first, they have a right to monopolize the municipal parking in the area to the exclusion of all other similarly zoned, unless petitioner *69 can produce a tenant that can be certain not to generate any traffic whatsoever.
Justice Pittone in the Matter of Spohrer v. Town of Oyster Bay (29 Misc 2d 366, 368 [1961]) stated: “The Town Board cannot seriously contend that certain property owners in the area may cause traffic congestion but that other property owners may not add to it. That would not be consistent with the Federal constitutional principle of equal protection. Furthermore the Town Board cannot take the position that the petitioners may use their property only for an enterprise which causes no vehicle to come and go in an area. That would be a deprivation of such reasonable use of their property as to be an unconstitutional deprivation of property.” Citing (Matter of Y.M.C.A. v. Burns, 13 A D 2d 1009.)
This court has always been loathe to reverse a decision of the Zoning Board of Appeals if it could find some basis for their decision in the record. But this court would be remiss in not reversing a decision of the board which in effect tells the owner of a landblocked building, situated within 250 feet of a municipal parking lot, that he must produce a parking lot or he will not be able to convert a nonconforming use to a conforming use, and which is so arbitrary, so capricious, so unreasonable, so contrary to public policy and the generally accepted standards of zoning, that it violates all principles of fairness and outrages every sense of justice. Petitioner’s application granted.