Jack Staotslaw, J.
This article 78 proceeding is "brought to annul a determination of respondent Zoning Board of Appeals of the Town of Huntington (“ Board ”), dated May 23, 1968, which granted the application of respondent Eckstein to vary the off-street parking requirements of a Building Zone Ordinance of said town, for the improvement of certain premises located in a business district of Cold Spring Harbor, Town of Huntington, Suffolk County, New York. The individual petitioners own property and the corporate petitioner conducts, a business on the same street where Eckstein’s property is located. Their premises were improved prior to the effective date of the disputed section of the subject ordinance, relating to off-street parking.
Article XIII of the Building Zone Ordinance of the Town of Huntington, as amended in 1966, provides that thereafter no building shall be erected in a business district unless provided with off-street parking, in accordance with a prescribed schedule set forth therein. Section 3A of the ordinance requires that the parking spaces shall be on the same lot with the use served or, if the property is located in a business district, within 300 feet from the proposed building. Section 3A further provides: ‘1 Municipal parking facilities within the specified distance limits [in this case, 300 feet] may be used to satisfy all or part of the requirement, subject to the approval of the Zoning Board of Appeals.” Eckstein’s application was for permission to satisfy *753 part of the off-street parking requirement of the ordinance by utilizing a municipal parking lot located approximately 90 feet from his property.
The petition is made on the following grounds: (1) that the section of the ordinance which permits such use of municipal parking lots is illegal, since it sets no standard to guide the Zoning Board of Appeals in granting approval for said use; and (2) the granting of the application, whereby the Board approved Eckstein’s request to vary the parking requirements and use the municipal parking lot, located 90 feet from his property, for the additional parking spaces prescribed under the schedule contained in the ordinance, was not warranted by the facts, in disregard of petitioner’s property rights, constituting a flagrant abuse of the discretion vested in the Board.
Let us first consider the branch of the petition which seeks to attack the legality of the above-quoted provision of the section here in dispute. Concededly, section 3A provides specific and detailed standards for off-street parking. Under New York law, municipalities may impose off-street parking regulations, provided they are neither confiscatory nor discriminatory (2 Anderson, American Law of Zoning, § 8.40, p. 25) and not beyond the power of the local Legislature to adopt (Matter of Mirschel v. Weissenberger, 277 App. Div. 1039).
In Matter of Mirschel v. Weissenberger (supra) it was held that a village ordinance which “ provides that the particular use is permissible in the district upon furnishing of suitable automobile parking facilities, the extent of which is to be determined by the board of appeals, upon application, and upon due consideration of the public interest in respect of traffic congestion * * * is not to be construed as a delegation of legislative authority to am, administrative agency without provision for suitable standards to control the exercise of authority/’ (Emphasis supplied.) The court further held that: “ The intent of the section as a whole is clear ”. We cannot hold otherwise with respect to the subject ordinance. Nor do we find that the provision in question, read in conjunction with the ordinance as a whole, fails to provide the Board with a suitable standard for granting approval for the relief available thereunder. In Matter of Schmitt v. Plonski (215 N. Y. S. 2d 170) petitioner, in an article 78 proceeding, claimed that a subdivision of a section of a Zoning Ordinance of the Town of Huntington, requiring “ adequate ” parking facilities for a proposed construction is unconstitutional because it fails to establish any standard to guide the Zoning Board in the exercise of its discretion. Rejecting petitioner’s contention, the court upheld the validity of the section on the *754 ground that, although stated in general terms, it was capable of reasonable application and sufficient to limit and define the board’s discretionary powers. (See, also, Matter of Aloe v. Dassler, 278 App. Div. 975, affd. 303 N. Y. 878, where a similar conclusion was reached with respect to a zoning ordinance which permitted the Zoning Board discretion to vary the application of zoning regulations, if in conformity with their general purpose and intent.) We find the provision of section 3A, referred to in the first branch of the petition, lies well within the confines of the rules laid down in the above-cited cases.
Let us now consider the second branch of the petition, to wit: was the Board’s approval of the use of the municipal parking facility (located some 90 feet from the proposed improvement) to satisfy part of the off-street parking requirement arbitrary and capricious, so as to constitute an abuse of discretion or was it warranted by the facts.
The record indicates that because of the physical condition of the premises, particularly the steep terrain requiring the construction of a retaining wall on one side of the property and its proximity to a sump, precluding the utilization of the area of the premises lying immediately adjacent thereto, the Board had valid reason to conclude that it would be economically unfeasible for the applicant to reduce the size of the proposed structure in order to allow additional room on the premises to accommodate the total number of parking spaces called for under the schedule. As stated by Justice Zaleski, in Matter of Schmitt v. Plonski (supra, p. 174): “ That the Court may disagree with the conclusion is not sufficient to justify it in substituting its judgment for that of the respondent [Board].” Moreover, based upon the uncontradicted testimony offered by the expert witnesses at a hearing held before the Board on the application of respondent Eckstein, it would appear that a denial of said application would be unreasonable (Matter of Incorporated Vil. of Farmingdale v. Inglis, 29 Misc 2d 727) and, as as it affects the subject premises, render the ordinance confiscatory and discriminatory (Matter of Schneiderman v. Shenkenberg, 54 Misc 2d 66). The petition, therefore, is in all respects dismissed.