■ In the Matter of FRANCES E. LAURI, Respondent, v. ANTHONY A. MALFITANO et al., Constituting the Board of Zoning Appeals of the Town of Onondaga, Appellants.— Judgment unanimously reversed on the law and facts, without costs, and petition dismissed. Memorandum: The Board of

Zoning Appeals of the Town of Onondaga, respondents, appeal from a judgment directing them to grant a variance to petitioner for the operation by her of a sand and gravel business on about 150 acres of her 262 acre farm. Contrary to the finding by respondents after a hearing on the application for a variance, petitioner demonstrated that she had a nonconforming use at the time of the amendment of the zoning ordinance on September 1, 1971 which rezoned petitioner's farm from "Open Land District" to "Residential" (see *People* v. *Miller*, 304, N. Y. 150); and that she was incorrectly advised by the town attorney that she must obtain a variance before a permit would be issued to her allowing her to continue to operate her sand and gravel business. The town originally enacted a zoning ordinance in 1948, under which petitioner's sand and gravel operation was proper, subject to obtaining a permit, which she did. In 1966 the ordinance was amended, prohibiting the continued operation of a sand and gravel business unless within 90 days a new permit was obtained. Petitioner did not learn of this amendment; and it was not enforced against her, despite her continuing operation of the business (including sales to the town), until late August, 1971, just before the Town Board adopted the new ordinance placing her farm in a residential district. In an effort to cooperate with the officials, and believing the application for a variance would be only a formal step for obtaining a permit, petitioner applied for the variance. After a public hearing respondents denied the application in a resolution determining that petitioner did not have a nonconforming use. In this article 78 proceeding to compel the grant of the variance Special Term reviewed the proceeding before respondent Board, vacated the determination as arbitrary and unreasonable, and directed that the variance be granted. The evidence at the hearing afforded a reasonable basis for respondents to conclude that petitioner was not entitled to the variance because petitioner did not establish that her property could not properly be used for any other purpose and the testimony of neighbors supported the conclusion that the operation of a sand and gravel business is harmful for a residential development. It was error, therefore, for the court to direct the grant of a variance (*Matter of Calcagno* v. *Town of Webster*, 265 App. Div. 687, affd. 291 N. Y. 701). The 1966 amendment of the zoning ordinance requiring an operator of a sand and gravel business to secure a permit or within 90 days lose the right to operate did not deprive petitioner of her nonconforming use. Although a municipality may enact an ordinance terminating certain nonconforming uses within a reasonable time (*Matter of Harbison* v. *City of Buffalo*, 4 N Y 2d 553), the 1966 amendment was not so drafted and, in any event, the 90-day period was not a reasonable time, if termination of nonconforming uses were intended. Although petitioner was, therefore, entitled to apply for a permit, such application is made to the town board which is not a party to this proceeding. In this situation the court cannot direct the issuance of a permit within the provisions of the ordinance. (Appeal from judgment of Onondaga Special Term in article 78 proceeding.) Present — Goldman, P. J., Del Vecchio, Witmer, Moule and Cardamone, JJ.